MARY FIKE *v.* J. M. GREEN, and R. N. & J. M. GREEN, Ex'rs., &c.

Where the testator (dying in 1863) was debtor, as surety for a principal solvent until the emancipation, and his personal property consisted of seventeen slaves bequeathed to the persons named as executors, which he had before placed in their possession, and which remained there until they were emancipated: *Held*, that a creditor, who did not present her claim, but who was unwilling to receive Confederate currency for it, could not charge the executors with laches in not selling such slaves for payment of debts,—even in a case where they had not advertised for creditors to present their claims, as required by statute.

Executors are not chargeable with land as assets.

(*Wadsworth* v. *Davis*, 63 N. C., 251; *Finger* v. *Finger*, *ante*, 183; *Kerns* v. *Wallace*, *ib.* 187, and *Floyd* v. *Herring*, *ib.* 409, approved.)

EXCEPTIONS to a report, made in an action of Debt against executors upon a bond given by their testator, tried before *Tourgee, J.*, at Spring Term 1870, of CHATHAM Court.

The Commissioner, to whom a reference had been made as to the state of the assets, reported that the testator, at the time of his death, in April 1863, owned no personal estate of any consequence, excepting seventeen slaves bequeathed to his executors, and which had previously been placed in their hands; that he also owned land which he devised to his executors, the defendants R. N. and J. M. Green; that,

besides the debt in suit, which he had contracted as surety of J. M. Green, he owed only some small debts, which had been paid by the executors; that J. M. Green was solvent until after the emancipation of his slaves, and that subsequently to the death of the testator, he had sold the land devised to him as above.

It appeared that the will had been proved by the executors, but that neither of them had qualified as executor; that no advertisement had been made for creditors,—that the slaves had been allowed to remain in the hands of the legatees until they were emancipated, and that the land had not been sold by the executors, to pay debts. It also appeared that the executors did not know of the existence of the debt in question, and that the plaintiff said she would not take Confederate currency in payment of it.

The Commissioner refused to charge the defendants with either the slaves or the land; and thereupon the plaintiff excepted as to each.

His Honor overruled the exceptions, and the plaintiff appealed.

*Headen,* and *Phillips & Merrimon,* for the appellant.
*Manning, contra.*

DICK, J. The first exception to the report of the Referee is, that he did not charge the executors with the value in 1863 of seventeen negroes belonging to the estate of the testator. It appears in evidence that the testator died in April 1863, leaving no personal property except the seventeen negroes mentioned in the exception, and they had been put into the possession of his children sometime before his death. There were a few small debts against the estate, and these were paid off by the executors. The testator was surety to the debt of the plaintiff, and the principal, John

FIKE *v.* GREEN and others.

M. Green was amply solvent until his slaves were emancipated. The plaintiff would not present her debt, as she would not receive Confederate money. Under such circumstances, the defendant acted prudently in not selling the negroes for Confederate money, which could not be used to advantage, and was rapidly depreciating in value. The subsequent emancipation of the negroes ought not to result in injury to the defendants. This exception was properly overruled by his Honor : *Finger* v. *Finger, ante* 193 ; *Kerns* v. *Wallace, Ib.* 189.

The ruling of his Honor as to the second exception, was also correct. The real estate was not assets in the hands of the executors : *Floyd* v. *Herring, ante* 409. Where a will directs real estate to be sold for the payment of debts, and an executor fails or refuses to execute such trust, he may be compelled to do so by special proceedings properly instituted : *Wadsworth* v. *Davis,* 63 N. C., 251. The law requires an executor or administrator, where there is a deficiency of personal assets, to obtain a license from Court to sell the real estate of the deceased, and the proceeds of sale, when received, become assets for the payment of debts. If the personal representative neglects this duty, its performance may be enforced by a creditor.

As the land devised to John M. Green was sold within two years from the death of the testator, the alienation is void as to creditors, (Rev. Code, ch. 46, s. 61) and the executors can be compelled to sell it for the payment of the debts of the deceased.

We cannot see from the evidence reported, that the executors have been guilty of any laches which has prejudiced the rights of the plaintiff.

There is no error.

PER CURIAM.                    Judgment affirmed.