WILLIAM VAUGHN v. W. J. DELOATCH, Adm'r of SIMON T. BUIE, dec'd, and E. A. MARTIN, Adm'r. of JAMES H. BUIE, dec'd.

Real estate is not assets for the payment of the debts of decedent before the same has been sold, and the proceeds received by the administrator. *Fike* v. *Green*, 64 N. C. 665, cited and approved.

Whether an Administrator can be sued on his bond where he has been guilty of negligence in not applying for and obtaining an order to sell the real estate of his intestate: *Quære?*

This was an action of debt brought under the old system, and tried before *Pool, J.*, at Spring Term, 1871, of HERTFORD Superior Court.

The plaintiff declared on a single bill, the execution of which was admitted; the defendants relied upon the pleas, of fully administered and no assets.

Upon the trial of these issues the plaintiff offered to show, that at the time of the death of James Buie (the intestate of the defendant, E. A. Martin,) he was seized and possessed of certain real estate which the defendant Martin neglected to sell and convert into assets. The defendant objected to this evidence, upon the ground that in this action he was not chargeable with the value of the real estate as assets. His Honor overruled the objection and admitted the evidence. Verdict for plaintiff. Rule, &c. Judgment and appeal.

*Barnes* and *R. B. Peebles*, for appellant.
*Smith*, for appellee.

READE, J. The only question is, whether real estate is assets to pay debts before the same has been sold, and the proceeds received by the administrator?

Recent decisions settle the question in the negative. 64 N. C. R., *Fike* v. *Green*, and the cases there cited.

EDENTON *v.* WOOL AND CRAWLIN.

It may be, that in a case of negligence the administrator would be liable on his bond for not obtaining license and selling; but that is not before us.

There is error.

PER CURIAM.                    *Venire de novo.*