EDWARD S. BADGER, Adm'r *de bonis non, vs.* MARIA L. JONES and J. W B. WATSON.

1.  The rights of an administrator *de bonis non,* relate to the death of the intestate, and he is bound only by such lawful acts of the previous administrator as were done in a due course of administration; for any *devastavit* on the part of the former administrator, the administrator *de bonis non* ought to recover the value of the goods wasted, by an action on the bond of his predecessor: But where the securities on the bond are insolvent, such action would be unavailing and therefore unnecessary.

2.  It is the duty of the administrator *de bonis non,* to complete the administration of the estate, by collecting the unadministered assets, applying them in payment of debts, and when there are no personal effects, to obtain license to sell the real estate.

3,  The sale of real estate by the heirs at law, within two years after the death of the intestate, is void as against creditors and the administrator. Rev. Code, ch. 46, sec. 61, Acts of 1868–'69, ch. 113, sec. 105,

4.  A petition to make real estate assets, is a special proceeding, and is properly brought before the Judge of Probate.

*Duke adm'r* v. *Ferebee,* 7 Jones 10. *Tate* v. *Powe,* 64 N. C. 644, cited and approved.

Petition to make real estate assets.

This was a petition filed by the plaintiff as administrator *de bonis non*, before the Judge of Probate of Wake county against the heir at law and J. W. B. Watson, a purchaser of the real estate of which the intestate died seized, seeking to make the said real estate assets for the payment of debts. The Judge of Probate entered judgment against the defendant. He appealed to the Superior Court, where the case was heard before Watts, Judge, at a special Term of Wake Superior Court in January, 1872.

The parties agreed upon the following statement of facts :

Rebecca Goodwin died on the 25th day of July, 1863, leaving as her heir at law and next of kin, the defendant, Maria

L. Jones, who had intermarried with one Benson S. Jones. At November Term of the County Court of Wake, the said Jones was appointed administrator of Rebecca Goodwin, &c., and took possesesion of the personal property of the intestate viz: of the following slaves, Tiener, 75 years ot age and four others, varying in age from 5 to 25 years; fifty shares of Bank Stock in the Bank of North Carolina, and household and kitchen furniture, consisting of such articles as usually belong to a respectable family in the city of Raleigh; that said personal property, exclusive of the slaves, was sufficient to satisfy the debts of the said Rebecca Goodwin; that the administrator possessed himself of the property aforesaid, disposed of the same by sale, and wasted the proceeds.

That he made no return of said property or inventory, as required by law.

That shortly thereafter, the said Jones and his wife left the county of Wake, without having made any settlement with the creditors of the estate, and the said Jones, the administrator, died near Petersburg, Va., in the year 1868, without having fully administered the estate. That on the 9th day of September, 1869, the plaintiff was duly appointed administrator *de bonis non* of Rebecca Goodwin; that the estate was found by the petitioner to be indebted in the amount stated in his petition; that there are no personal assets of the intestate known to the plaintiff to exist, and that he has made diligent search for the same, and there is nothing with which to pay the debts except the land descended to the defendant, and mentioned in the petition.

That the said Benson S. Jones, when appointed administrator, gave bond in $20,000, with W. H. Jones and W. H. Harrison as sureties. That said bond since the termination of the war has been, and is now wholly insolvent.

That said Rebecca Goodwin died seized of a certain lot in the city of Raleigh, known as lot No. 34, which is properly described in the petition and in a deed from Jones and his wife to J. W. B. Watson.

That upon the death of the said Rebecca Goodwin the said land descended to the said Maria L. Jones, sole heir at law of the said Rebecca Goodwin.

That within two years after letters of administration were issued to the said Benson S. Jones, viz : on the 2d day of January, 1864, the said Jones and his wife conveyed the said lot, No. 34, to defendant Watson in consideration of the sum of twenty–five thousand dollars in Confederate money, which was a fair price for the same.

That said Watson purchased without notice of the indebtedness of the intestate—and that said Rebecca Goodwin was not the owner of any other real estate.

Upon this state of facts, His Honor ordered and adjudged that the real estate, &c., described in the petition be sold for the payment of debts.

From which judgment the defendant Watson appealed to the Supreme Court.

*Fowle & Badger* for plaintiff.
*Young* and *Strong* for defendants.

DICK, J.   The sale of the land to Watson was made by the heir at law within two years after the death of the intestate, and is void as against creditors and the administrator.  Rev. Code, ch. 46, see 61. Acts 1868–'69, ch. 113, see 105.

The creditors were under no obligation to receive payment from the former administrator, as the currency of the country at that time was so greatly depreciated.

The rights of an administrator *de bonis non* relate back to the death of the intestate, and he is bound only by such lawful acts of the previous administrator, as were done in a due course of administration of the estate of the intestate. For any *devastavit* on the part of the previous administrator, the administrator *de bonis non* ought to recover the value of the goods and effects wasted, by an action on the bond of his

predecessor; but in our case an action would be unavailing, as all the parties to said bond are insolvent. 1 *Williams' Exrs.*, 824. *Redfield on Wills*, 91. *Duke, administrator* v. *Ferebee*, 7 *Jones*, 10.

It is the duty of the plaintiff to complete the administration of the estate of his intestate, by collecting the unadministered assets, and applying them to the payment of debts. As there are no personal effects, he has proceeded properly to obtain a license to sell the real estate to make assets; and against him for this purpose, the conveyance of the land to Watson is void. As there is no equitable element in this matter, which under the old system would have required a resort to a Court of Equity for relief, the special proceedings before the clerk were right as coming within the rule laid down in *Tate* v. *Powe*, 64 *N. C.*, 644.

There is no error.

Per Curiam.                                           Judgment affirmed.