### ROBERT N. GREEN, Ex'r, v. J. M. GREEN, Ex'r, et al.

Where a testator, who died in 1863, bequeathed that a certain slave should be sold and the proceeds equally divided between two sons who were appointed executors, and one of the sons bought the interest of his brother in the slave, and kept him until he was emancipated by the results of the late civil war: *It was held*, That the purchaser of his brother's interest had not thereby converted the slave, and was not responsible for his value or any part of it, but that he was responsible for the services of him and of the slaves which he had kept up to the time when they were emancipated.

When lands are divided in separate parcels to different persons, and it becomes necessary to sell land to pay the debts of the testator, the debts are a charge upon all the lands, and must be raised out of them all according to their respective values.

The case of *Fike* v. *Green*, 64 N. C. Rep. 665, cited and approved.

This was a PETITION filed by the plaintiff as executor of his father, John Green, who died in the year 1863, in the Court of the Clerk of the Superior Court for the county of CHATHAM, for the purpose of obtaining an order to sell land to pay the debts of his testator. The defendant Winslow, who had purchased a tract of land belonging to the testator of one of his heirs, upon his application was made a party and objected to the sale. The clerk decided that a sale was necessary, and made an order to that effect, from which the defendant Winslow appealed to the Judge of the Superior Court. In that Court by consent of the counsel of both parties it was referred to John G. Rencher, Esq., to take and report the separate accounts of R. N. Green and J. M. Green, the executors of John Green; 2. To ascertain the value of the hire of the slaves which came into the possession of each of the executors; 3. To ascertain the value of the slave Norwood, and of his hire from the time he came into the possession of R. N. Green, to the time of the emancipation of the slaves; 4. Whether R. N. Green is chargeable with the value of Norwood, or with his hire, or the hire of any of the other slaves; 5. To report the date of the deed from J. M. Green to the defendant Winslow; 6. The

2¼

amount of the debts unpaid of the estate of John Green, and what part of his lands, if any, was necessary to pay the debts.

The referee reported, among other things, that the testator died in 1863, leaving many slaves, which the executors kept until they were emancipated; that the slave Norwood, was left to be sold and his proceeds equally divided between his sons, who were his executors and only children; that Norwood was not sold, but the interest of J. M. Green was bought by his brother, R. N. Green, who kept him until he was emancipated; that the slaves might have been hired out and considerable sums of money have been obtained, but the money would have been Confederate Treasury notes, which the only creditor of the estate would not receive; and the deed from J. M. Green to the defendant Winslow, was dated in the Fall of 1863, less than two years after the death of the testator. The referee then found as matters of law that the executors could not be charged with the value or the hire of any one of the slaves; that R. N. Green could not be charged with the value or hire of the slave Norwood; and that the deed from J. M. Green to Winslow was void as to creditors, and that a sale of the land was necessary to pay the debts of the testator.

The defendant Winslow excepted to the report, because the referee had failed to charge the plaintiff with the value of the slave Norwood, or with the value of his hire; 2. Because he failed to charge the executors with the hires of the slaves until the time of their emancipation. At the Fall Term, 1872, the case coming on to be heard before *Tourgee, J.*, his Honor overruled the exceptions of the defendant, confirmed the report of the referee, and gave judgment in favor of the plaintiff, from which the defendant appealed.

*Gorrell*, for the defendant.
*Manning*, for the plaintiff.

RODMAN, J. 1. Exception of defendant Winslow: The only ground on which it can be contented that Robert N. Green (the plaintiff) should be charged with the value of Norwood or with half his value, is, that by purchasing from John the half given to him, and by subsequently keeping him in his own exclusive possession, he thereby took him out of the general mass of the property, and converted him to his own use. We do not think that what he did, amounted to such a conversion. The other slaves remained in the possession of the respective executors, to whom the testator had given them, until their emancipation, and we decided in *Fike v. Green*, 64 N. C., Rep. 665, that the continuance of a possession, begun in the testator's life time, did not, under the circumstances, amount to a conversion, such as to make the executors liable for their value. The circumstance which differs the case of Norwood from that of the other slaves, is, that he was directed to be sold, and the proceeds divided between Robert and John. But no sale was made. What was done, amounted only to a division of the common property. If two slaves had been so given, and an actual division had been made, each legatee taking one, the mere division could scarcely be thought to take the case out of the general rule. Nor would the fact that one party paid a sum to the other for equality of partition, and there can be no substantial difference when one purchases the entire interest of the other, an actual partition being impossible. We think the plaintiff is not chargeable with any part of the value of Norwood.

Second and third exceptions: We think the plaintiff is chargeable with the value of the services of Norwood, and of all the other slaves, which he had and kept in his employment after the testator's death up to their emancipation. The value of the services is what they could have been hired out for, after deducting the support of those who were unable to earn anything. This value was actually

received by the plaintiff, and went into his estate. It is assets which have not been lost, but converted.

The account will be reformed in these respects. A sale of the land, or of some part thereof is evidently necessary, and the case is remanded in order that the proper proceedings may be had for that purpose.

The debt which will remain after the application of the personality, is a charge on all the lands devised by the testator, according to the value of each devise. It will be for the District Judge to determine how this distribution of the burden shall be made most advantageously to all the parties. Perhaps the parties may agree on the valuation of of their respective lands, and proportion the burden accordingly, and so make any sale unnecessary.

*Per Curiam*: Exceptions sustained, judgment below reversed, and case remanded. Defendant Winslow will recover the costs of this Court.

We again call the attention of counsel for appellants to the impropriety of sending up as part of the case the evidence taken before the referee. No more should be sent up than is necessary to make the report and exceptions intelligible.

PER CURIAM.                    Judgment accordingly.