E. D. HAWKINS, Adm'r, v. J. H. CARPENTER and others.

*Executors and Administrators—Assets—Reference—Parties.*

1. Where a *devastavit* is charged, the primary liability for the waste rests upon the administration bond, and a reference to ascertain the fact was properly ordered.

2. A failure to apply for license to sell land for assets is not of itself a breach of such bond.

3. Lands descended are not assets until a sale thereof and the receipt of the money by the administrator.

4. The administrator *de bonis non* is a necessary party to a suit against the former representative to recover unadministered assets.

(*Rag* v. *Patton*, 86 N. C., 386; *Fike* v. *Green*, 64 N. C., 665; *Vaughan* v. *Deloach*, 65 N. C., 378; *Badger* v. *Jones*, 66 N. C., 305; *Latham* v. *Bell*, 69 N. C., 135; *Pelletier* v. *Saunders*, 67 N. C., 261, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of RUTHERFORD Superior Court, before *Gudger, J.*

Robert Scruggs died intestate in November, 1858, and letters of administration on his estate were granted to Micajah Durham. Without having fully administered the trust, the latter also died intestate in December, 1864, and his wife, Esther Durham, became his administratrix, and gave bond as such with the defen-. dants' sureties thereon.

In 1865, administration *de bonis non* on the estate of Robert Scruggs was committed to the plaintiff, who, on March 9th, 1878, instituted the present action against the sureties to the bond of Esther Durham, who died several years before, without having settled the estate in her hands.

The complaint alleges that Micajah Durham rendered, at December term, 1863, of the county court, his final account, which was audited and approved by a committee appointed by the court for that purpose, from which it appears there remained in his hands, unadministered, the sum of $112.27, to recover which is the object of the suit.

The complaint further states that a large personal estate belonging to him passed into the possession of his administratrix, sufficient to pay his debts, and that no settlement of his estate has been made by her.

The defendants, in answer, say that their principal has fully administered the assets which came to her hands of the estate of her husband, and that if any remained undisposed of they were lost and rendered worthless by the results of the war, without negligence on her part, and the defendants are not responsible therefor; that they are not informed whether the debt claimed

has been paid, but "plead payment," and insist, if not paid, its recovery is barred by the statute of limitations; and that there is "considerable real estate held by the heirs-at-law of said Micajah, which descended to them from Esther Durham," being part of her estate, and she being the wife of said Micajah.

The record states that the jury found "the issue submitted to them in favor of the plaintiff," without setting out the issue, and we can only infer from the subsequent action of the court that it related to the indebtedness only, and did not involve an inquiry into the assets of the intestate, Micajah, for which his administrator might be held liable.

The plaintiff thereupon demanded final judgment against the defendants upon their bond, which the defendants resisted on the ground that it should be first ascertained whether the administratrix had properly administered the funds with which she is chargeable. The court refused to render judgment, and ordered a reference to inquire as to the assets, and the plaintiff appealed.

*Messrs. Hoke & Hoke*, for plaintiff.
No counsel for defendants.

SMITH, C. J., after stating the case. It is contended by appellant's counsel that inasmuch as the answer admits that lands, of sufficient value to pay the debt, descended from the intestate, Micajah, to his heirs-at-law, which could by proper proceedings issued against them by the said Esther have been subjected to the payment of the debt, her failure to convert such real estate into assets for the purpose is itself a breach of the official bond, rendering her and her sureties alike liable, as if by this means the conversion into assets had been effected.

We do not concur in this view. The defence set up of a full administration has not been, and ought to be disposed of, and the course pursued by the court, no jury trial being asked, is warranted by the ruling in *Ray* v. *Patton*, 86 N. C., 386.

Nor was the plaintiff entitled to a judgment, fixing assets in the hands of the administratrix, by reason of the failure of the administratrix to pursue the descended real estate for the purpose of converting it into assets. Lands, which may be sold for this purpose under proper proceedings prosecuted by the personal representative, are not, until such sale and the reception of the moneys arising therefrom, assets for which the sureties to the bond can be held responsible.

"The real estate," says DICK, J., delivering the opinion in *Fike* v. *Green*, 64 N. C., 665, "was not assets in the hands of the executors."

The point is made and expressly decided in the subsequent case of *Vaughan* v. *Deloatch*, 65 N. C., 378, in which evidence was offered, and on objection admitted, in the superior court to show that the intestate debtor, whose administrator was a defendant in the action, owned lands at his death which descended to his heirs-at-law, and from which the administrator by proper proceedings for a sale could have derived the means of paying the debt.

READE, J., reviewing the case on appeal, says: "The only question is, whether real estate is assets to pay debts before the same has been sold and the proceeds received by the administrator? Recent decisions settle the question," referring to the case recited. "It may be," he concludes, "that in a case of negligence, the administrator would be liable on his bond for not obtaining license and selling, but that is not before us."

The present contention is the same as in that case, that the defendants should be charged with assets because these were lands which their principal, the personal representative, took no steps to sell.

But the complaint shows that the assets received by the administratrix from the husband's estate, and adequate to meet the debt, were wasted by her; and if so, she could not maintain a

proceeding to sell the land. For this *devastavit* the remedy is upon the bond. *Badger* v. *Jones*, 66 N. C., 305; *Latham* v. *Bell*, 69 N. C., 135.

Again, the descended lands, according to the statement in the answer accepted as the basis of the plaintiff's motion, remain unalienated in the hands of the heirs-at-law of the intestate, Micajah, and are accessible to his creditors by proceedings conducted for the purpose of converting them into assets by his proper representative, and this recourse is still open to the plaintiff. *Pelletier* v. *Saunders*, 67 N. C., 261.

As a *devastavit* is charged, the primary liability for the waste or misapplication rests upon the administration bond, and an inquiry into the fact becomes necessary to ascertain which, in the event of no demand for a jury trial being made, a reference is the appropriate step to be taken in order that the necessary information may be obtained, and this course was pursued.

We advert to the omission to make a party to the cause, the administrator *de bonis non* of the intestate, Micajah, who, under repeated decisions of this court can alone maintain an action, for the recovery of the unadministered assets, against the former representative, to avoid an inference from our silence that the suit can be supported in his absence from the record. But the point is not presented and we only decide there is no error in the ruling. This will be certified.

No error.                                      Affirmed.