A. A. McKEITHAN v. MARY McGILL, Admx.

*Executors and Administrators—Statute of Limitations—Burden of Proof.*

1. An action against an administratrix (who qualified in 1863) upon a debt, due and owing by the intestate at his death to a creditor capable of bringing suit, is barred by the statute of limitations (Rev. Code, ch. 65, § 11) after the lapse of seven years.

2. Where an administrator pleads "no assets" and "fully administered" and relies upon the statute of limitations, the *onus* is on the plaintiff to show that the defendant had assets unadministered in his hands at the time the action was commenced.

(*Cooper v. Cherry*, 8 Jones, 323; *Reeves v. Bell*, 2 Jones, 254; *Alexander v. Alexander*, 1 Car. L. R., 273; *Godley v. Taylor*, 3 Dev. 178; *Jones v. Brodie*, 3 Mur. 594; *Bailey v. Shannonhouse*, 1 Dev. Eq., 416; *Rayner v. Watford*, 2 Dev., 338, cited, commented on and approved.)

CIVIL ACTION tried at Fall Term, 1879, of CUMBERLAND Superior court, before *Seymour, J.*

This is a civil action commenced on the 17th day of December, 1878. before a justice of the peace in the county of Cumberland, to recover the amount of a note of which the following is a copy:

$140.   One day after date we promise to pay to A. A. McKeithan, or order, one hundred and forty dollars value received.

(Signed)                CLEMENT LONG, [Seal.]
Oct. 27th, 1860.                ANGUS McGILL, [Seal.]

The defendant pleaded general issue, statute of limitations, no assets, fully administered; that the plaintiff failed to present his claim within the time prescribed by law, and that there is another suit pending in the superior court of Cumberland for the same cause of action.   There was judgment for plaintiff, from which the defendant appealed to the superior court.

The facts found in the superior court were that the defendant's intestate, Angus McGill, executed the note sued upon on the 27th day of October, 1860, and died on the 24th day of May, 1862.   The defendant took out letters of administration in 1863, and duly advertised for creditors to present their claims before the 15th day of January, 1864, and the bond was presented for payment in 1864.   In the superior court the defendant relied upon the acts of 1715 and 1789, to-wit, "Creditors of any deceased person shall make their claim within seven years after the death of such debtor, otherwise such creditors shall be forever barred."   Rev. Code, ch. 65, § 11.   The court held that the action was barred, and the plaintiff appealed.

*Mr. N. W. Ray,* for plaintiff.
*Messrs. Guthrie & Carr,* for defendant.

ASHE, J. It may now be considered as settled law that the act of 1789 is a bar to the action of a creditor when the defendant pleads that he has advertised, paid over the assets to the next of kin, and taken refunding bonds, according to law.   *Cooper* v. *Cherry,* 8 Jones, 323.; *Reeves* v. *Bell,* 2 Jones, 254.   And so is the act of 1715, if there is a claim and a

person capable of suing, when seven years have elapsed since the death of the debtor if the debt was due in his lifetime, or since the cause of action accrued when the debt became due after his death. *Alexander* v. *Alexander*, 1. Car. L. R., 273; *Godley* v. *Taylor*, 3 Dev., 178; *Jones* v. *Brodie*, 3 Mur, 594; *Bailey* v. *Shannonhouse*, 1 Dev. Eq., 416.

If this were an open question we should concur with the opinion expressed by Chief Justice RUFFIN, in the case of *Rayner* v. *Watford*, 2 Dev. 338, that the act of 1715 made an absolute bar after the lapse of seven years from the death of the debtor, but we regard the construction of that act as settled in the case of *Godley* v. *Taylor, supra.*, in which case Chief Justice RUFFIN, though dissenting, says, "although my former opinion has been confirmed by reflection, but in future I shall consider myself under equal obligation to hold for law what I understand in conference with my elder brethren to be their opinion; that is, if the debt be due at the death of the debtor, claim must be made within seven years from the death, otherwise both the heir and the executor are discharged; and if the action arise after the death of the debtor, suit must be brought within seven years from the time the action accrued, or the heir and executor will in that case be discharged; and if the suit be brought against the executor within seven years from the death of the debtor, and the executor hath, at the time of the suit brought, not paid over the assets, he shall answer the demand; but if he hath paid them over, he shall have the plea of fully administered found for him." In other cases this court has held that after seven years, a defendant, relying upon the statute of 1715 as a bar, must aver in his plea that he has paid over the surplus of assets to the University. *Bailey* v. *Shannonhouse, supra.* But that must mean when he has assets; for if he has none, of course, such an averment is not necessary, for the law does not require any one to do a nugatory act.

In our case there was a debt due at the death of the debtor, and a creditor capable of bringing the action. The statute of limitations (Act of 1715) therefore began to run from the death of the debtor, and no action having been brought within seven years after the death, the action is barred, unless the defendant had assets unadministered in his hands when the action was commenced. But this is not made to appear by the pleadings or proofs. It was incumbent upon the plaintiff to show that the defendant had assets. It is true the defendant in the superior court relied on the acts of 1715 and 1789, but she had pleaded in the justice's court "no assets" and "fully administered," and those pleas do not appear to have been withdrawn. The *onus* was then on the plaintiff to show that the defendant had assets. "In an action against an executor on *plene administravit* pleaded, the plaintiff is bound to show affirmatively that the defendant had goods of the testator in his hands unadministered. 2 Stephens *Nisi Prius,* 1915 ; 2 Greenleaf on Evidence, § 346. The plaintiff having failed to show that fact or to take any steps towards its establishment, we cannot assume that the defendant had assets at the time of the commencement of the action, and must therefore hold that the act of 1715 is a complete bar, without any averment of payment to the University.

There is no error. The judgment of the superior court is affirmed.

No error. Affirmed.