WILLIAM R. RAY, Adm'r., v. THOMAS W. PATTON, Ex'r.

*Executors and Administrators—Practice.*

Where an administrator denies an alleged debt of his intestate, pleads fully administered and no assets applicable to the same, the issue as to the contested indebtedness must be determined by the jury; and this being settled, an inquiry as to the assets and the disposition thereof must be had by reference or upon issue to a jury—the burden of proof being upon the plaintiff to show a personal liability of the administrator.

(*Heilig* v. *Foard*, 64 N. C., 710 ; *Emmett* v. *Steadman*, 2 Hay., 15 ; *Hunter* v. *Hunter*, Term Rep., 122, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1882, of BUNCOMBE Superior Court, before *Gilliam, J.*

James W. Patton died in December, 1861, leaving a will in which William A., James A., and Thomas W. Patton, his sons, and N. W. Woodfin are appointed executors. The two first named qualified and proceeded with the administration until their deaths. William died in April, 1863, and James in March of the following year. The remaining executors subsequently assumed the trust and the defendant, Thomas, alone survives.

The present action for work and labor rendered by the plaintiff's intestate to the testator, was begun on June 12th, 1869, and the executors, on whom process was served, deny the alleged indebtedness, and as a further personal defence, say, they have fully administered and have no assets applicable to the plaintiff's demand.

In June, 1870, a reference of the administration account was made, without prejudice, to the clerk and certain others, and no action being had under the order, it was amended in February, 1875, by the substitution of the name of J. M. Gudger in association with, and in place of the other referees, and they were directed " to take and state an account of the administration and report to the next term with the evidence on which the said account is. stated." The order of reference is made applicable to this and several other causes then depending, in which the account was necessary,. "without prejudice to the parties or to the legal rights of the parties."

At fall term, 1876, the following order was entered: "This case having at —— term been referred by consent to J. M. Gudger and J. E. Reed, the referees at spring term, 1876, filed their report, and no exception having been filed thereto, the same is in all respects confirmed."

The report, although full in its statement of the results of the successive administrations by the several executors, fails to ascertain the condition of the assets at the time when the summons was issued, by which the sufficiency of the defence must be determined, or at the period to which the action is brought. The referees represent the disbursements of the defendant as in excess of the moneys received by him, but say there are unadjusted partnership accounts between the testator and others, in which he is largely a creditor; and that there are also unsettled matters between the representatives of the two executors who first qualified and the surviving executor, from which assets may be derived, and also

other claims, but the defendant is not charged with negligence in endeavoring to reduce the claims to possession.

At the trial several preliminary motions were made by the plaintiff's counsel:

1. That the court declare and adjudge that no reference has been made in this case.

2. That, if made, it was premature, and should have awaited the determination of the question of the testator's indebtedness to the plaintiff's intestate.

3. That the order of confirmation was also premature and irregular.

4. That the report be recommitted to the referees for a more specific statement, and

5. That it be adjudged that the report in substance charged the defendant with assets.

The motions were overruled, and thereupon the jury, empannelled to try the single issue of indebtedness, find for the plaintiff and ascertain the amount due. Judgment was rendered according to the verdict, and it is declared that "this judgment is only intended to fix the indebtedness of the testator of the defendant to the intestate of the plaintiff." The court was moved, but refused to render a personal judgment against the defendant, or to allow an execution *de bonis propriis* to issue, and the plaintiff appealed.

*Mr. J. H. Merrimon*, for plaintiff.
*Messrs. C. A. Moore* and *H. B. Carter*, for defendant.

SMITH, C. J., after stating the facts. There is no error in these several rulings of the court. The objections to the order of reference and to the report and its confirmation for any of the causes assigned, are without support from the record and are untenable. The reference was by consent, and the confirmation of the report delayed for six months after it was put in and no exceptions were taken. It is how-

ever upon its face incomplete and fails to show the condition of the assets and the funds in the hands of the defendant, or which ought to ,be, either at the date of the commencement of the suit or that to which the estimates are made, and a re-committal or new reference to ascertain this fact and to extend the inquiry over the period that has elapsed since the report, was a prerequisite to any determination of the state of the assets and of their administration up to the time of trial.

In the former practice all the issues made in the pleadings are determined and disposed of by a single verdict.

In the present case the court submitted to the jury the contested indebtedness alone, and this point being settled, the proper course was to direct an inquiry as to the assets, by a second reference, or to be made upon an issue to the jury, so that the final judgment would be, as formerly, conclusive as to the assets also.   This is in accordance with the suggestion of the late Chief Justice in *Heilig* v. *Foard,* 64 N. C., 710, in assimilating the old to the necessities of the new system of judicial procedure under the requirements of the acts of 1868–'69, ch. 113, and of 1869–'70, ch. 58.

The plaintiff can have no cause of complaint that the judgment for the debt found by the jury was suspended, until the defendant's possession of assets, and his liability therefor was also determined.

In *Emmett* v. *Steadman,* 2 Haywood 15 (166), the defendant pleaded the general issue, statute of limitations and fully administered, and the verdict negatived the two first defences and did not dispose of the last.   The court declared the finding imperfect, and upon a *scire facias* to show cause why execution *de bonis propriis* should not issue, allowed the defendant to renew his undisposed of plea in the preceding suit, declaring that the judgment was erroneous, but being beyond the power of correction, " the defendants *ex necessitate* must now be allowed to plead the same matter to

this *sci. fa.* to discharge their own goods, though they would not be entitled to such a plea now, had they not pleaded it to the first action," and that, "it must relate to the teste of the first process by which they were brought into court."

The course thus pointed out must be pursued in the present case, by causing an inquiry into the assets, so as to charge the defendant if he shall appear to be liable, as under the former practice.

The motion for a personal judgment concluding the defendant as to assets, or for an execution against his own property, was properly refused; for this defence is set up in the answer, was not submitted to the jury, and the burden of proof rests upon the plaintiff. It would be a manifest wrong to the defendant to charge him with assets when none have been shown, and no issue submitted to which evidence applicable thereto is pertinent. Even under the former practice, when a defendant is fixed with assets, execution *de bonis propriis* could only issue after a fruitless execution against the goods and chattels of the testator or intestate in the hands of the executor or administrator, and upon notice. *Hunter* v. *Hunter*, Term Rep., 122. And it cannot be error to refuse such process upon this qualified judgment.

It must therefore be declared that there is no error, and this will be certified to the end that further proceedings in the cause may be had, if the plaintiff shall be so advised, to ascertain the assets of the testator, if any, in the defendant's hands applicable to the plaintiff's debt.

No error.                                    Affirmed.