W. H. MORRIS and others v. ANDREW SYME, Administrator.

*Statute of Limitations—Executors and Administrators—Parties.*

1. Creditors of a deceased person, whose claims were due at the death of the debtor, are barred after seven years next after letters granted; provided the estate has been fully administered.

2. Whether, in the event of the death of an administrator, a creditor of the intestate can maintain an action against the sureties on the bond by making the administrator *de bonis non,* also, a party defendant (?).

(*Conrad* v. *Dalton,* 3 Dev., 251; *Ferebee* v. *Baxter,* 12 Ired., 64; *Walton* v. *Pearson,* 85 N. C., 34; *Godley* v. *Taylor,* 3 Dev., 178; *Cooper* v. *Cherry,* 8 Jones, 323; *McKeithan* v. *McGill,* 83 N. C., 517, cited and approved).

CIVIL ACTION tried at June Term, 1882, of WAKE Superior Court, before *MacRae, J.*

This action, begun on the 12th of July, 1881, is brought upon an administration bond given in 1860, and the defence relied on is the statute of limitations.

The facts are as follows: In 1858, one Cannady Lowe was appointed guardian of the plaintiffs, W. H. and James M. Morris, and of Susan Johnson, the intestate of the plaintiff, A. J. Morris, and gave bond whereon Hugh E. Lyon was one of his

sureties. Lyon died in January, 1860, and Lowe became his administrator, and gave bond with one George M. Trice as his surety.

This latter bond is the one sued on, and the breach assigned is that Lowe, as such administrator, took into his hands, at the time of his qualification, assets of the estate of his intestate to the amount of $17,838.79, which he wasted and misapplied.

In 1869, an action was instituted by the solicitor of the district upon the said guardian bond first mentioned, against the said Lowe, as administrator of Hugh E. Lyon, and at spring term, 1871, judgment was rendered for $11,412.

Trice, the surety on the administration bond (the one sued on), died in 1871, and B. Y. Rogers became his administrator, who, after having advertised according to law and having fully administered the estate, filed his final account before the probate court, in April, 1874, and was discharged therefrom.

Subsequently Rogers died, and the defendant, Syme, became the administrator *de bonis non* of the intestate Trice. Cannady Lowe is dead, and the defendant is his administrator, and also the administrator *de bonis non* of Hugh E. Lyon, and is before the court in both capacities, though no relief is asked against him in either.

The judge held, inasmuch as the claim was not presented, or the action begun, until more than seven years had elapsed after the death of Trice and the qualification of Rogers as his administrator, and after the full administration of the assets by him and his final settlement and discharge, that, as to this estate, the plaintiffs' cause of action was barred, and gave judgment accordingly, from which the plaintiffs appealed.

*Messrs. Lewis & Son* and *Argo & Wilder*, for plaintiffs.
*Messrs. Battle & Mordecai*, for defendant.

RUFFIN, J. If driven to decide the question, the court might

find some difficulty in sustaining the right of action which the plaintiffs have undertaken to assert in this case.

They sue upon the bond which was executed by the first administrator on the estate of Hugh E. Lyon, deceased, and complain of a *devastavit* committed by that officer. So that, as to the estate of the defendant's intestate, Trice, who was surety on that bond, they occupy the relation of creditors merely; and it has been frequently declared in this court, that in no case can a creditor, in the event of the death of an administrator, sue the sureties on his bond in an action at law; but that, that right inures only to an administrator *de bonis non* of the intestate, upon whom alone devolves the duty of settling the unadministered assets. *Conrad* v. *Dalton,* 3 Dev., 251; *Ferebee* v. *Baxter,* 12 Ired., 64.

In *Walton* v. *Pearson,* 85 N. C., 34, the question arose as to whether this difficulty on the part of a creditor could be overcome by his making the administrator *de bonis non* a party defendant with the surety on the bond, but it was not found necessary to decide it. Neither is it necessary that we should decide it now, since, in the opinion of this court, the case is certainly with the defendant upon the plea of the statute of limitations.

In their argument, the counsel treated the case as coming within sub-division 2 of section 32 of the Code of Civil Procedure, and really it matters but little whether we so consider it, or as falling under the act of 1715 (Rev. Code, ch. 65, § 11) for, as expounded by the courts, either statute would give complete protection to the defendant under the facts as they are found to exist in the case. But, inasmuch as the execution of the bond sued on and the breach complained of both preceded the adoption of the Code, the case is clearly to be governed by the latter statute.

That statute provides that creditors shall make their claim within seven years after the death of their debtor, or be forever barred; and according to every interpretation which has been put upon its terms, it works a complete bar to every demand,

due at the death of the debtor, upon which suit is thereafter delayed for seven years, provided it shall appear that in the meantime the estate has been fully administered, so that nothing remains in the hands of the administrator, with which to satisfy the claim. *Godley* v. *Taylor*, 3 Dev., 178; *Cooper* v. *Cherry*, 8 Jones, 323; *McKeithan* v. *McGill*, 83 N. C., 517.

In our case, the demand was due at the death of the debtor; seven years or more have elapsed, the entire estate has been fully administered, and the administrator, after filing his final account, has been discharged under a decree of the court; so that, every requirement is found to exist in the case, which is held to be necessary to render the statute a complete bar to the demand of the plaintiffs.

No error.                                          Affirmed.