WILLIAM J. ROGERS v. JAMES W. GRANT, Adm'r.

*Executors and Administrators, judgment against—Statute of
Limitations.*

1. A general judgment does not itself constitute assets to charge an adminis-
   trator, and was properly refused in this case; but the plaintiff is entitled
   to judgment *quando.*

2. Creditors of an estate, who fail to make claim in seven years after the
   debtor's death, are not barred by the statute unless the administrator
   avers and proves that he has paid over the surplus in his hands to parties
   entitled.   (This case is governed by the law in force prior to the Code).

ROGERS v. GRANT.

(*Ridley* v. *Thorpe*, 2 Hay., 343; *Jones* v. *Brodie*, 3 Mur., 594; *McKinder* v. *Littlejohn*, 1 Ired., 66; *Rayner* v. *Watford*, 2 Dev., 338; *Godley* v. *Taylor*, 3 Dev., 178; *Goodman* v. *Smith*, 4 Dev., 450; *Reeves* v. *Bell*, 2 Jones, 254; *Cooper* v. *Cherry*, 8 Jones, 323, cited, commented on and approved).

CIVIL ACTION tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

Eliza A. Phillips died in April, 1860, and J. M. S. Rogers qualified as executor to her last will and testament, but he died in April, 1874, without having settled the estate of his testatrix, and in June, 1876, the defendant, Grant, qualified as her administrator *de bonis non*.

At the time of her death, the testatrix was indebted to one Smith in a considerable amount, evidenced by bonds, set out in the statement of the case, which were endorsed to the plaintiff for value, who brought this action to recover the same—the summons being issued on the 17th of September, 1877. There are no other debts against her estate.

The defendant, Grant, soon after his appointment as administrator aforesaid (October 30th, 1876), commenced an action against W. J. Rogers (plaintiff in this suit), as administrator of said J. M. S. Rogers, for an account and settlement of the estate of said testatrix, and at fall term, 1878, recovered judgment for $5,182.04, with interest, &c., being the value of personal property of the Phillips' estate sold by her executor and the money collected by him upon notes due her estate. The judgment has not been paid, but the estate of J. M. S. Rogers is solvent.

These are in substance the facts found by the referee to whom the matter was submitted, which are deemed necessary to an understanding of the opinion, and upon them he found as a conclusion of law, that the said judgment, rendered at fall term, 1878, in favor of Grant, administrator, against Rogers, administrator, is assets in the hands of this defendant, belonging to the Phillips' estate. This was overruled by His Honor, who held that the defendant did not, at the time this action was com-

menced or at any time since, have in his hands any assets with which to satisfy the plaintiff's claim, but that there was an unadministered estate in his hands consisting of said judgment. Plaintiff excepted.

The defendant set up the plea of the statute (Rev. Code, ch. 68, § 11) barring claims against the estate of a decedent, unless made within seven years after the debtor's death.

*Messrs. W. C. Bowen* and *Mullen & Moore*, for plaintiff.
*Mr. R. B. Peebles*, for defendant.

SMITH, C. J.　When this cause was before us on the former appeal from the ruling of the court, that the lapse of seven years since the plaintiff's cause of action accrued and the revival of the suspended statute of limitations before the bringing of the suit, was a barrier to the recovery, it was remanded " for a fuller statement of facts or other proceedings as the parties may be advised." [See 80 N. C., 487].

Upon a reference subsequently ordered in the superior court to ascertain what, if any, assets of the testatrix, were in the hands of the defendant at the time of instituting the suit, or of making the report, it is found by the referee that the defendant, as administrator *de bonis non*, recovered against the present plaintiff, as administrator of Joseph M. S. Rogers, executor of E. A. Phillips, at fall term, 1878, the sum of $5,182.04, with interest on $3,017.10, the principal money thereof, from September 30th, 1878, and costs—the unadministered residue of the estate of the testatrix in his hands; that no part of the judgment has been paid, but it is a solvent debt and in course of legal enforcement. There are no other debts, besides those in this suit, due from the estate of the testatrix. The referee charges the defendant with assets applicable to the plaintiff's demand, and sufficient to discharge it, which ruling, upon exception, was reversed by the court, and thereupon the plaintiff moved for judgment *quando* against the defendant, which motion was refused.

The plaintiff's appeal raises two questions for solution:

1. Was the plaintiff entitled to a judgment fixing the defendant with assets? If not,

2. Is he entitled to a judgment of assets *quando acciderint?*

I. The refusal of the motion for a general judgment was clearly right, for the reason that the judgment recovered, however assured of future satisfaction, does not itself constitute assets to charge the representative, and only becomes such as its fruits are realized in actual payments, and can be made available in the discharge of the decedent's liabilities.

II. The defendant relies upon the act of 1715, which declares that "creditors of any deceased person shall make their claim within seven years after the death of such debtor, otherwise such creditors shall be forever barred" (Rev. Code, ch. 65, § 11), as precluding the entry of a judgment in any form against himself.

The construction of this statute and the extent of its operation have been frequently before the court, and the decisions are not in harmony.

In *Ridley* v. *Thorpe,* 2 Hay., 343, it is declared that the act "makes no saving whatsoever for any person under any circumstances," not even in favor of infants and *femes covert,* and that "where the legislature have made no exception, the judges can make none."

In *Jones* v. *Brodie,* 3 Murp., 594, TAYLOR, C. J., declares that to put this statute in motion, there must have been some one capable of suing when the defendant died, though the death of the plaintiff afterwards, without an administration on his estate, would not arrest its running. To same effect is *McKinder* v. *Littlejohn,* 1 Ired., 66.

In *Rayner* v. *Watford,* 2 Dev. 338, it was decided that the statute did not operate to bar an action upon a debt not due, and as there must be one capable of bringing suit, so there must exist a cause of action; and the period of limitation, when the cause of action accrued after the debtor's death, must be counted from

the time when suit could be brought. This was again ruled in *Godley* v. *Taylor*, 3 Dev., 178, though with a strong dissenting opinion from RUFFIN, J., in both cases.

In *Goodman* v. *Smith*, 4 Dev., 450, after a full and careful examination, GASTON, J., delivering the opinion of the court, declares, that the act of 1789, barring creditors in two years, is a defence to the debt given to the next of kin as well as the personal representative. This case is overruled by the court, PEARSON, J., delivering the opinion, in *Reeves* v. *Bell*, 2 Jones, 254, and it is declared that the two years' delay affords no protection to the representative, unless he has taken refunding bonds in paying over to the legatees or next of kin, or where he retains the funds in his hands. This ruling is re-affirmed in *Cooper* v. *Cherry*, 8 Jones, 323, where the subject is fully reviewed, and the general conclusion arrived at, in the interpretation of both statutes, announced in these words: "It is settled, that notwithstanding the broad terms of the act of 1715, an executor or administrator cannot protect himself from a recovery by a creditor, who had failed to sue until after the expiration of seven years, unless he avers and proves that he has paid over the surplus assets to the treasury, as required to do by the act of 1784, or to the trustees of the University, by the act of 1809; and the court adopt the principle that in the construction of the act of 1715, the ninth section of that act, and the acts of 1784 and 1809 are to be taken into consideration, and that one who fails to do an act which the law requires of him for the benefit of another, cannot bar the recovery of the latter, because he has not provided him with the remedy over which the law contemplated and made it his duty to do, as an implied condition precedent to the protection which he claims." This is added: "We now consider the question settled, both on principle and authority."

The ruling applies with greater force to the present case, where the defendant has not dispossessed himself of the funds, but is

pursuing them, and when recovered he will hold them to be applied in a due course of administration.

Without inquiring as to which of these conflicting adjudications is most consonant with the terms and intent of the statute, which gives repose to estates of deceased debtors after a limited time, and protects them from demands, we do not feel at liberty, after more than twenty years of acquiescence in the law as laid down in the later, to disturb it and re-open the controversy. We pursue this course in recognition of the necessity of maintaining the rule *stare decisis* in support of existing rights and interests, which may have grown up upon it, and because cases requiring its application are diminishing in number in consequence of the substitution of the limitations prescribed in the Code.

We direct our attention solely to the exceptions of the appellant, but it is not inappropriate to say, that we see no error in the course adopted by the court in ordering the reference as to the assets, information in regard to which was necessary in determining the character of the judgment to be entered.

We think the plaintiff is entitled to the judgment *quando*, and there was error on the part of the court in refusing to render it.

As further proceedings may hereafter become necessary to subject future acquired assets, when received by the defendant, we remand the cause, that judgment may be entered in the court below in accordance with this opinion.

Error.                                    Reversed.