## L. M. LITTLE v. J. R. DUNCAN, Admr.

*Executors and Administrators—Statute of Limitations.*

1. The plea of an administrator of "fully administered and no assets" must be disposed of by submitting an issue to a jury or by reference.
2. Where an administrator had assets and sets up the statute of limitations against a debt of his intestate (Rev. Code, ch. 65, §11), he must aver and prove that he has properly administered the same, in order that his plea may avail him. If it is ascertained he has no assets, the statute is a complete bar.

(*Heilig* v. *Foard*, 64 N. C., 710; *Ray* v. *Patton*, 86 N. C., 386; *Bailey* v. *Shannonhouse*, 1 Dev. Eq., 416; *Reeves* v. *Bell*, 2 Jones, 254; *Cooper* v. *Cherry*, 8 Jones, 323; *McKeithan* v. *McGill*, 83 N. C., 517; *Cox* v. *Cox*, 84 N. C., 138, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of UNION Superior Court, before *Shipp, J.*

The plaintiff brought this action on the 27th day of November, 1879, before a justice of the peace in the county of Stanly, upon a note under seal for $15, dated the 18th day of September, 1860, and due twelve months next thereafter, executed by one A. J. Duncan, in his life-time, to J. J. Hasty. It appears that said Duncan died in 1863, and in July of that year the defendant duly qualified as administrator upon his estate. There was judgment before the justice of the peace for the plaintiff, and the defendant appealed to the superior court. The defendant pleaded payment; that he had fully administered the assets that came, and ought to have come into his hands as administrator; no assets; that the note had not been duly presented for payment within the time prescribed by law, and that more than seven years had elapsed next after the death of his intestate and before the date of the bringing of this action.

The jury found upon issues submitted to them, that the intestate of the defendant did execute the bond sued upon as alleged;

that it had not been paid; that defendant did not give notice for creditors to present their claims to him according to law; and that more than seven years had elapsed next after the date of the death of the intestate of the defendant and the bringing of this action.

Thereupon, the plaintiff moved for judgment in his favor. The court refused to grant this motion, upon the ground that there had been no evidence offered upon the plea of "fully administered and no assets."

The plaintiff then prayed the court that an issue upon that plea be submitted to another jury. This motion the court declined to grant. The plaintiff then prayed that the court make a proper order referring it to the clerk of the court to inquire, state an account, and make report of the condition of the assets that came and ought to have come into the hands of the defendant, and what disposition he had made of the same. This motion was likewise refused.

The defendant prayed judgment of the court, that he go without day, and for costs, upon the ground that it appeared that more than seven years had elapsed next after the death of the intestate of defendant and the bringing of this action. The court, being of opinion that the defendant had not shown on his part a full and sufficient compliance with the statute, declined to grant this motion.

The court then gave judgment in favor of the plaintiff for the debt, and in favor of the defendant for costs. Whereupon, both the plaintiff and defendant appealed.

*Messrs. Covington & Adams* and *Hinsdale & Devereux,* for plaintiff.

*Messrs. Payne & Vann,* for defendant.

MERRIMON, J., after stating the above. *Plaintiff's Appeal—* The estate in the hands of the defendant was and is subject to the statutes touching the administration of estates of intestate

deceased persons, prevailing before the first day of July, 1869, except as to the courts having jurisdiction of such matters. THE CODE, §1433. The plaintiff was entitled to have his rights ascertained and settled in respect to the assets in the hands of the defendant subject to be applied to the payment of his debt, or otherwise, under these statutes, and according to the course of procedure and practice under them, changed only in respect to the courts having jurisdiction of them and the forms of procedure therein.

The court held properly, that the statute of limitations pleaded and relied upon by the defendant could not avail him. (See opinion on defendants appeal in this case).

.Then it seems to us manifest that the court, having given judgment in favor of the plaintiff for his debt, ought to have disposed of the plea of "fully administered and no assets." In the case settled by the judge upon appeal for this court, it is said    *    *    *    "the plaintiff asked for judgment, which was refused, upon the ground that there had been no evidence upon the plea of "fully administered and no assets." It is further said, however, that "the plaintiff then asked that an issue be made upon that point and submitted to another jury, which was refused. He then asked that a reference be made to the clerk or other person to report the condition of the assets, &c. This was likewise refused." No reason is assigned for such refusal. The issue as to "fully administered and no assets" was raised by the pleadings, and the plaintiff was entitled to have it tried, at the term when the court gave judgment for the debt, by reference or otherwise; or, at all events, to have his motion allowed, and then continued to a subsequent term to be tried. *Heilig* v. *Foard*, 64 N. C., 710; *Ray* v. *Patton*, 86 N. C., 386.

The court erred in refusing to dispose of the plea of "fully administered and no assets," as prayed for by the plaintiff, either by submitting one or more proper issues to a jury, or by a reference to take an account. For this error the case must be remanded, with directions that the court proceed to try the issue

raised by the pleadings in respect to assets, according to law. It is accordingly so ordered. Let this be certified.

PER CURIAM.                                        Cause remanded.

---

### IN SAME CASE UPON DEFENDANT'S APPEAL:

MERRIMON, J.  The facts in this case are the same as those stated in the plaintiff's appeal.

Among other defences, the defendant relied upon the statute of limitations (Rev. Code, ch. 65, §11), and it was at the trial found as a fact, that more than seven years had elapsed next after the death of the intestate of defendant before the bringing of this action.  The defendant thereupon moved for judgment that he go without day.

The court properly denied this motion, because the statute was not a bar, at all events; if there were assets in the hands of the defendant, this plea would not be good and avail him, unless he should, in that case, aver and prove that he had paid such assets to the persons entitled to the same, and taken from them proper refunding bonds for the benefit of creditors; or had paid the same to the trustees of the University, as required by law. (Rev. Code, ch. 46, §§24, 27). *Bailey* v. *Shannonhouse*, 1 Dev. Eq., 416; *Reeves* v. *Bell*, 2 Jones, 254; *Cooper* v. *Cherry*, 8 Jones, 323; *McKeithan* v. *McGill*, 83 N. C., 517; *Cox* v. *Cox*, 84 N. C., 138.

It does not appear that the defendant had assets, and it has been held in *McKeithan* v. *McGill*, *supra*, that if the administrator had no assets, he need not and could not make such averment and proof.  But in this case it does not appear that the defendant did not have assets; he pleaded "fully administered and no assets," and the issue presented by this ground of defence remains undetermined.  The plaintiff is entitled to have it tried.  If it turns out that defendant had no assets, then his plea of the statute of limitations will avail him, and he will then be entitled to the judgment he prayed for; if, however, it shall be ascer-

tained that he had assets, then it will not, and the plaintiff will be entitled to have judgment for his debt, and the assets applied to his judgment accordingly as he may be entitled.

Where the administrator has assets and he relies upon the statute of limitations (Rev. Code, ch. 65, §11), such plea must be supported by the averment and proof to sustain it, made by the administrator, that he has paid the assets to those entitled to have them, and taken refunding bonds, or, that he has paid the same to the trustees of the University, accordingly as the statute requires, to make it effectual. Whatever contrariety of opinion and conflicting judicial decisions may have prevailed in the past in respect to the statute of limitations mentioned and the kindred statute, Rev. Code, ch. 65, §§12, 13, 14, the authorities cited *supra* settle the construction of the one under consideration, as here stated.

As this case naw stands, whether the plaintiff can recover at all or not, depends upon whether the defendant has or has not assets; if he has, then the plaintiff, without regard to the amount or how the same may be applied, is entitled to judgment; if he has not, then the statute is a complete and effectual bar, and the defendant will be entitled to judgment. So that, the court ought to have deferred giving judgment for the debt, or judgment at all, until the question of assets shall be settled.

The order of the court, denying the motion of the defendant, from which he appealed, was a proper one, and the same must be affirmed. There is no error; judgment affirmed. Let this be certified.

No error.                                    Affirmed.