F. M. GAITHER and others v. CASPER SAIN, Adm'r, and others.

*Statute of Limitations—Judgment · Quando—Cause of Action.*

1. The statute which bars actions upon judgments after the lapse of ten years from the date thereof, does not apply to actions commenced before August, 1868, or where the right of action accrued before that date.

2. A judgment *quando* (unlike a final judgment) founded upon a right of action that accrued before said date, is not a new cause of action, and hence under section 136 of THE CODE, a suit upon it is governed by the statute of limitations and the law in force prior thereto.

(*Rountree* v. *Sawyer,* 4 Dev., 44; *Henderson* v. *Burton,* 3 Ired. Eq., 259; *Lash* v. *Hauser,* 2 Ired. Eq., 489; *Dancy* v. *Pope,* 68 N. C., 147; *Ray* v. *Patton,* 86 N. C., 386; *Rogers* v.. *Grant,* 88 N. C., 440, cited and approved.)

GAITHER v. SAIN.

CIVIL ACTION tried at Spring Term, 1884, of DAVIE Superior Court, before *Gilmer, J.* ·

This was an action brought by plaintiffs as the assignees of Milton Gaither, guardian of plaintiffs, against Casper Sain, Sr., administrator *de bonis non* of H. B. Holman, deceased, defendant, upon a judgment *quando* at fall term, 1869, in favor of Milton Gaither as guardian of plaintiffs, against B. Bailey, administrator of H. B. Holman, and an absolute judgment rendered at the same time in the same action against Beal Ijames, who is not sued in this action.

The plaintiffs offered in evidence a notice in writing given by the plaintiffs, and served 4th day of October, 1881, by the sheriff of Davie county on the defendant, administrator, notifying him that a motion would be made before His Honor, M. L. Eure, the judge then riding the 7th judicial district, at his chambers in Wilkesboro, on Friday the 14th of October, 1881, for leave to bring an action upon the judgment above described. The judgment, it was alleged, had become dormant, and no part of the same had ever been paid, and plaintiffs were the assignees and owners of the same, and defendants liable therefor.

And plaintiffs also offered in evidence the order of the judge by which it appears that the plaintiffs' said motion was heard by him upon the affidavits of plaintiffs, and that it was adjudged " that plaintiffs have shown good cause before me for suing on the former judgment, rendered in Davie superior court, in the case of Milton Gaither, guardian, against B. Bailey, administrator of H. B. Holman, deceased, and which was assigned to plaintiffs for value, and I adjudge and order that plaintiffs, F. M. Gaither, Z. T. Gaither, A. A. Dyson and wife, and others, assignees, have leave to sue upon said former judgment," which said order was signed by the judge.

The court held that proper notice has been given and due leave obtained to bring this action.

20

Plaintiffs then offered to show that letters of administra-
tion upon the estate of H. B. Holman, deceased, were duly
granted to B. Bailey, the first administrator, prior to the
year 1860, and to offer other proof in support of the action.

But His Honor having intimated the opinion that plain-
tiffs' judgment was barred by the statute of limitations, as
more than ten years had elapsed between the date of its
rendition and the commencement of this action, or notice
of motion for leave to sue, the plaintiffs in deference thereto
submitted to a nonsuit and appealed.

*Messrs. Clement & Gaither*, for plaintiffs.
*Messrs. Watson & Glenn* and *J. A. Williamson*, for defend-
ants.

MERRIMON, J. The intestate of defendant died, and let-
ters of administration upon his estate were granted, prior
to the year 1860, to one Bailey, who was afterwards re-
moved and the defendant appointed administrator *de bonis
non*. The judgment *quando acciderint* sued upon was granted
at fall term, 1869.

The court below seems to have entertained the erroneous
impression that this action is governed by the statute (THE
CODE, § 152) which bars actions upon judgments and de-
crees of any court, after ten years next after the date thereof.

THE CODE, § 136, provides that Title III of the Code of
Civil Procedure, entitled "Limitations of Actions," shall
not extend to actions commenced before the 24th day of
August, 1868, nor when the *right of action* accrued before
that date, but the statutes in force previous to that date
shall be applicable to such actions and cases.

Now the right of action in this case accrued long before
1868. It seems however that the court supposed the *quando*
judgment sued upon, although founded upon a right of ac-
tion that accrued before that time, was itself a new *causa*

*litis,* and therefore the action was barred after ten years. If so, this was a misapprehension of the law in that respect. That was not a final judgment that might be sued upon as a new cause of action: it was conditional and interlocutory in its nature, and stood open to be completed—made final and absolute when assets should go into the hands of the administrator; and this should be ascertained and made to appear by a proper proceeding. Under the common law method of procedure, this was done by *sci. fa.*; under the code-method of procedure, as it prevails in this state, it is done by action, as the plaintiffs are seeking to do in this case.

The purpose of the present action is to charge the administrator with assets that have come into his hands since the judgment *quando* was given, and obtain a final judgment upon a right of action that accrued prior to 1868. It is an action that takes the place of, and is a substitute for the *sci. fa.* proceeding in like cases. Bing. on Judgment, 3, 90, *et seq*, and as to form of judgment *ib.*, 331; *Rountree* v. *Sawyer*, 4 Dev., 44; *Henderson* v. *Burton*, 3 Ired. Eq., 259; *Lash* v. *Hauser*, 2 Ired. Eq., 489; *Dancy* v. *Pope*, 68 N. C., 147; *Ray* v. *Patton*, 86 N. C., 386; *Rogers* v. *Grant*, 88 N. C., 440.

We may add that the views thus expressed are in harmony with the provisions of the statute (THE CODE, §§ 1433, 1476) which provide that estates whereof administration had been granted before the first day of July, 1869, "shall be dealt with, administered and settled according to the law as it existed just prior to the said date." There was no statutory bar as the court intimated.

There is error. The nonsuit must be set aside and the case reinstated and disposed of according to law. To that end, let this opinion be certified to the superior court. It is so ordered.

Error.                                                    Reversed.