CURTIS H. GLOVER, Adm'r of BENNETT FLOWERS, v. J. N. FLOWERS et al.

### *Administrator—Judgment—Statute of Limitations.*

1. The administration of estates, granted prior to the first day of July, 1869, must be conducted according to the law as it existed before that date. *The Code,* §1433.

2. There was no statute of limitations barring actions upon notes under seal executed, or judgments rendered, prior to 1868. A *presumption* of payment arose after ten years.

3. An executor or administrator could not avail himself of the limitations prescribed in §§11 and 12, chap. 65, of Rev. Code, unless he showed that he had disposed of the assets and made the advertisement required by §§24 and 27, chap. 46, Rev. Code.

(*Little* v. *Duncan,* 89 N. C., 416; *Gaither* v. *Sain,* 91 N. C., 304; *Cooper* v. *Cherry,* 8 Jones, 323, and *Rogers* v. *Grant,* 88 N. C., 440, cited and approved).

This was a SPECIAL PROCEEDING, commenced in the Superior Court of WILSON county, on the 24th of August, 1881, for license to sell for assets, certain real estate, which it was alleged, the intestate Bennett Flowers had conveyed with intent to defraud his creditors. The widow and heirs-at-law of the intestate and those claiming under the alleged fraudulent conveyance were made parties defendant.

The debt, for the payment of which it was sought to subject the land, was evidenced by a note, under seal, for $800, executed

by the intestate to Wm. Peele, guardian, on the 26th of May, 1860. The intestate died in October, 1867, and Edward Fulghum soon thereafter was appointed his administrator. He made a return in May, 1869, and died in December, 1880, without having fully administered the estate. The plaintiff was appointed administrator *de bonis non,* in August, 1881.

At Spring Term, June 3d, 1868, of the Court of Pleas and Quarter Sessions of Wilson county, judgment was rendered on the note.

On August 19th, 1881, D. B. Eatman and wife, who had become the owners of the debt, commenced suit thereon against the administrator *de bonis non,* in the Superior Court of Wilson, and at Spring Term, 1882, recovered judgment against him for $800 with interest from 26th May, 1860, and costs.

Among other defences, the defendants insisted that the said debt was barred by the statute of limitations, and the Court so held, and gave judgment accordingly.

The plaintiff appealed.

*Mr. Jacob Battle,* for the plaintiff.
*Mr. Hugh F. Murray,* for the defendants.

MERRIMON, J. The estate in the hands of the administrator and his successor, the present plaintiff, must be dealt with, administered and settled, according to the law, as it prevailed prior to the first day of July, 1869, except " as to the Courts having jurisdiction of any action or proceeding for the settlement of an administration, or the practice and procedure therein." The statute, (The Code, §1433), so expressly provides. *Little* v. *Duncan,* 89 N. C., 416; *Gaither* v. *Sam* 91 N. C., 304.

The note sued upon was under seal and executed on the 26th day of May, 1860, and came due before March, 1868. Judgment upon the same was taken against the first administrator of the intestate, it seems, at the Spring Term (which began the 3d day of June of that year) of 1868. There was, therefore, no

statutory bar as to this bond or this judgment. There arose a statutory presumption that each had been paid after the lapse of ten years after the right of action accrued upon them respectively, excluding the time from the 20th day of May, 1861, to the 1st day of January, 1870, but this presumption might be rebutted by proper proof. The present statute of limitations does not apply to such bonds and judgment. *The Code*, §§136, 137 ; *Gaither* v. *Sain, supra*. What plea or pleas the first administrator pleaded in the action brought against him upon the bond mentioned, does not appear, nor does the defence to the action brought against the present plaintiff upon the judgment appear from the facts stated. But whatever may have been the defence, the debt, whether it be the bond, or the judgment, was not barred by the present statute barring such bonds and judgments after the lapse of ten years. What statute of limitations the Court intended to apply in its judgment, does not appear ; if it intended to apply that above mentioned, there is none, as appears from what we have said.

If, however, the Court by its judgment intended to apply the statutes (Rev. Code, chap. 65, §§11, 12), barring creditors of deceased debtors, still there is error, because the first statute cited is not necessarily a bar—it is not, unless it appears that the administrator paid the assets to creditors, or next-of-kin, or both, entitled to the same, or that he has paid them to the University as the statute requires, or that there were no assets; and the second is not a bar, unless it appears that the administrator advertised within the time, and in the way prescribed, and paid the assets to the persons entitled to the same, and took refunding bonds for the benefit of creditors, as required by the statute, (Rev. Code, ch. 46, §§24–27), *Cooper* v. *Cherry*, 8 Jones, 323; *Rogers* v. *Grant*, 88 N. C., 440 ; *Little* v. *Duncan, supra*, and the cases then cited.

The question argued by the counsel for the appellant, whether the defendants can avail themselves of the statute of limitation, as they seek to do, is not presented by the exception specified in

the record. A single question, as it arose vaguely upon the facts agreed upon by the parties and submitted to the Court, was decided by it, and the error assigned extends only to, and involves the Court's decision of that question. It would be improper for us to go beyond that. We simply decide that upon the facts agreed upon, and submitted, the Court erred in deciding that the debt of the appellant was barred by the statutes referred to, or any of them, and in its judgment dismissing the action.

The judgment must be reversed, and further proceedings had in the action according to law.

To that end, let this opinion be certified to the Superior Court. *It is so ordered.*

Error.                                                      Reversed.