D. L. and J. T. LOVE. Ex'rs of JOHN LOVE v. JOHN INGRAM, Ex'r of DILLARD LOVE.

*Administration—Statute of Limitations—Pleading.*

1. To enable the personal representative of a deceased person to avail himself of the limitations provided in *The Code*, § 153 (2), he must *allege* in his plea, and *prove* upon the trial, that he made the advertisement, or gave the personal notice to the creditors, as prescribed in the statute.

2. The mere lapse of time—seven years—does not create the bar; it must be coupled with the advertisement, or personal notice, and when these have been made, the statute will begin to run from the date of the qualification of the executor or administrator.

This is a CIVIL ACTION, in the nature of a creditor's bill, tried by *McRae, J.*, at Spring Term, 1888, of MACON Superior Court.

It was agreed that the Judge might try the issue of the statute of limitations, it being the only issue of fact for a jury arising upon the pleadings.

It appears that Dillard Love died in July of 1872. leaving a last will and testament, which was proven, and the defendant qualified as executor thereof.

The plaintiffs obtained judgment against the defendant, as such executor, upon a debt due from his testator in his life-time, in the Superior Court of the county of Haywood, for $362.39, on the 29th day of May, 1876.

The present action was begun on the 8th day of June, 1883, by the plaintiffs, in behalf of themselves and all other creditors of the testator named, to compel the defendant, as such executor, to an account of his administration, and to pay the plaintiffs and all other creditors of his testator what may be payable to them, respectively, as allowed by the statute (*The Code*, § 1448).

The defendant, in his answer, denied most of the material allegations of the complaint, pleaded fully administered, no

assets, and, particularly, for the present purpose, "that the plaintiffs ought not now to be allowed to prosecute this action, because it was not commenced within seven years after the appointment and qualification of defendant as executor of said Dillard Love, nor was it commenced within seven years after the pretended rendition of the judgment now alleged to be due, and the plaintiff's cause of action is barred by the statute of limitations in such case made and provided."

It is stated in the case settled on appeal that "the only question presented to the Court was, whether this action is barred by the statute of limitations; and it appearing that this action was brought on the 8th day of June, 1883, upon a judgment taken against the defendant as executor of Dillard Love on the 29th of May, 1876, in favor of J. R. Love and T. J. Love, executors of J. B. Love, deceased, and that the executors of J. B. Love qualified as such more than seven years before the beginning of this action, and the Court, being of the opinion that this action is barred by the statute of limitations, gave judgment for the defendant."

Plaintiffs appealed.

*Mr. G. S. Ferguson,* for plaintiffs.
*Messrs. K. Elias* and *Theo. F. Davidson,* for defendant.

MERRIMON, C. J.—after stating the case: The plaintiffs obtained judgment against the defendant, founded upon a cause of action existing against his testator at the time of the latter's death, and the purpose of this action, allowed by the statute (*The Code,* § 1448), is to compel the defendant "to an account of his administration, and to pay the creditors (including, particularly, themselves, as to their judgment) what may be payable to them, respectively." The defendant relies for his defence upon the statute of limitation (*The Code,* § 153, par. 2), which prescribes that an action must be brought "by any creditor of a deceased person against his

personal or real representative within seven years next after the qualification of the executor or administrator, *and his making the advertisement required by law* for creditors of the deceased to present their claims, when no personal service of such notice, in writing, is made upon the creditor," &c., else the same shall be barred.

If it be granted that this statute embraces cases like the present one, the defendant, so far as appears, is not entitled to the benefit of it, because he has failed to allege and prove that he made "the advertisement required by law for creditors of the deceased to present their claims," or that "personal service of such notice (that prescribed by the statute, *The Code*, §§ 1421–1424), in writing," was given to the plaintiffs as prescribed by law. It will be observed that mere lapse of time does not of itself create the bar  It is this, coupled with notice given by advertisement or personal service, that creates and renders it effectual.  The time does not begin to run from that of the notice given, but from the date of the qualification of the executor or administrator. Although the notice is only incidental, it is, nevertheless, essential, and must be alleged and proven.  It is reasonable and just that it should be given, and the statute expressly provides that it shall be.  The statute will not help the executor or administrator if he fails to observe its requirements.  *Cox* v. *Cox*, 84 N. C., 138; *Lawrence* v. *Norfleet*, 90 N. C., 533; *Glover* v. *Flowers*. 95 N. C., 57.

The statute under consideration is not unlike, in some respects, the similar one (Rev. Code, ch. 65, § 11), and, in order to render the former available, the party claiming benefit of it must plead it and make appropriate proof in like manner, in pertinent respects, as was necessary in pleading the latter. *Rogers* v. *Grant*, 88 N. C., 440; *Little* v. *Duncan*, 89 N. C., 416; *Glover* v. *Flowers, supra.*

There is, therefore, error.  The plaintiffs are entitled to an order directing an account, and to have the action disposed of according to law.          Error.