*RANDALL BOBBITT et al. v. J. F. JONES, Adm'r, et al.

*Administration—Trusts—Life-estate—Statute of Limitations—Remainder.*

An executor under a will held certain funds as trustee for A for life, and in remainder for B, &c., and he filed a final account, showing a balance in his hands due the estate, but made no reference to the trust fund: *Held*, (1) that the trust did not devolve upon his administrator, and that the latter, not finding any fund designated as a trust fund, and not having recognized the trust or set apart any particular assets to meet its requirements, was not a trustee of an unclosed trust, and that A, B and C were, as to such administrator, creditors only, and should have presented their claims as such

───

* DAVIS, J., did not sit.

creditors; (2) that the remainderman, as well as the life-tenant, had a right to sue for the fund and have another trustee appointed to hold it for the purposes of the trust; that their right of action accrued within a reasonable time after the granting of letters of administration, and these having been granted prior to the 1st of July, 1869, the former law as to the settlement of estates was applicable; (3) the administrator, having filed his final account in August, 1869, and paid over the balance to the distributees without taking refunding bonds, would not have been protected by the two-years' statute of limitation prescribed in the Revised Code, but as this provision of the Revised Code requiring refunding bonds was repealed in 1868–'69, and the settlement was made after such repeal and before the Act of 1870 declaring the Act of 1868–'69 prospective only, but validating all *bona fide* settlements made under its provisions: *Held*, that, as the plaintiffs never presented their claims or sued for the same until 1889, they were barred by the statute of limitations; and (4) they would also have been barred by the seven-years' statute, which does not require refunding bonds.

This was a CIVIL ACTION, tried by *Boykin, J.*, at January Term, 1890, of FRANKLIN Superior Court.

In October, 1850, Elizabeth Bobbitt died, leaving a last will and testament. By item 5 of that will it appears that she instructed her executor, James Collins, to sell all her property, real and personal, and to hold the proceeds arising from the sale, after paying her debts and specific legacies, in trust, for the benefit, during their lives, of certain children (therein naming them), and after their death to pay it to their children, the grandchildren of the testatrix. The plaintiffs are the children of Frederick Bobbitt, one of the life-tenants.

In December, 1850, the will was admitted to probate, and letters testamentary were issued to James Collins. In September, 1853, he filed his final account, showing in his hands $1,718.79 after paying debts of testatrix and costs of administration, which sum was the proceeds of the sale of the property as devised by the will.

In 1860 James Collins died intestate, and in December of the same year the defendant J. F. Jones qualified as administrator of his estate.

On August 26, 1869, Jones filed his final account, showing a balance in hand, which he turned over to the widow of James Collins and to W. T. Collins, their only child. Their acknowledgment appears at the foot of the record of the final account. Jones did not take and file refunding bonds from the distributees for the benefit of after-discovered creditors.

During Jones' administration the plaintiffs or their ancestor never filed any notice of their claim with him. All of the plaintiffs were of full age, and none of them under disability.

In November, 1878, Frederick Bobbitt, the life-tenant, died, and this suit was instituted in March, 1889.

In the event that the lower Court should hold that the lapse of time did not bar, it was agreed that the amount due should be ascertained by a reference to the Clerk to state an account.

Plaintiffs appealed.

*Mr. F. S. Spruill* (by brief), for plaintiffs.
*Mr. C. M. Cooke*, for defendants.

SHEPHERD, J.—after stating the facts: The only question presented by the record is whether the claim of the plaintiffs is barred by the lapse of time. If it is barred against the defendant Jones, the administrator of Collins, it must also be barred against the heirs of the latter, as it does not appear that the administrator or the sureties on his bond are insolvent, or that the land which descended to the heirs of Collins is charged with any trust, either express or constructive, in respect to the fund which is sought to be recovered.

Much of the learned and elaborate brief of the plaintiffs' counsel was predicated upon the idea that the defendant administrator was the trustee of an unclosed trust, and it was urged that, for this reason, the statutes of limitation or presumption could not avail him. We are unable to see how he occupied that relation. He was simply the administrator of Collins, who was the executor of Mrs. Elizabeth Bobbitt, and who, before his death, had filed a final account, showing a balance due the estate of his testatrix. As to this balance Collins was a trustee under the will, holding it for the life of Frederick Bobbitt and in remainder for the plaintiffs. This trust did not devolve upon his administrator, nor did the latter find any fund designated as a trust fund, nor is there anything whatever in the record to show that he ever recognized the said trust, or "set apart" any particular portion of the assets to meet its requirements. Hill on Trustees, 353.

It was his duty to collect all of the assets of his intestate and apply them in due course of administration. As to the defendant administrator, these plaintiffs and Frederick Bobbitt, the life tenant, were creditors, and they should have collected the fund and had a new trustee appointed. *Benbury* v. *Benbury*, 2 D. &. B. Eq., 236.

All of them had a cause of action against the defendant administrator upon his qualification, and, like other creditors, they should have presented their claim within the period prescribed by law. This they failed to do, and now, after the lapse of nearly twenty years since the filing of the final account and settlement, they bring this action. As the letters of administration were granted in 1860, and the cause of action accrued to the plaintiffs prior to the first of July, 1869, this cause must be governed by the law as it formerly existed. The final account was filed on the 26th of August, 1869, and the defendant administrator paid over the balance in his hands to the distributees of Collins, "and

their receipt and acknowledgment of settlement appears on the record at the foot of the said final account."

As the administrator did not take any refunding bonds, it is argued that he cannot avail himself of the limitations prescribed by the Revised Code. The seven years' statute of limitations (section 11, ch. 65, Rev. Code), does not require the averment that such bonds have been taken (*Cooper* v. *Cherry*, 8 Jones, 323; *Glover* v. *Flowers*, 95 N. C., 59), and as more than seven years have elapsed since the advertisement for the presentation of claims and the settlement and the commencement of this action, it must follow that the action is barred. Conceding, however, that the case is governed by the two years' statute of limitation (section 12, Rev. Code), which required the taking of such refunding bonds, we are still of the opinion that the plaintiffs cannot recover, because at the time of this settlement the above requirement of law had been repealed. The repealing act was passed in April, 1869, and took effect on and after the first day of July of that year. Acts 1868–'69, ch. 113. It forms the basis of the present chapter of *The Code* on "Executors and Administrators," and, although it afterwards appeared that the said act was intended to be prospective only, it contained no provision to that effect, and the repealing clause (section 115) was absolute and unconditional.

Many doubts arose as to the effect of this legislation upon existing administrations, and, for the purpose of settling the question, an act was passed on the first day of March, 1870, (Acts 1869–'70, ch. 58), declaring that the said act of 1868–'69 should apply to the estates of such deceased persons only whereof original administration was granted subsequent to the 1st of July, 1869. It was also provided that "if any person prior to the ratification of this act shall have *bona fide* administered any estate or any part of the estate of any deceased person whereof original administra-

tion was granted prior to said first day of July, 1869, under the said act of 1868–'69, he shall not be guilty of a *devastavit.*" The settlement by the administrator in this case having been made during the uncertain period mentioned, and under the said act, it must follow that the defendant is protected. The administrator, having made due advertisement, filed his final account in 1868–'69, and paid over the balance due to the distributees, and the plaintiffs having failed to present their claims, we are of the opinion that the rulings of his Honor should be affirmed.

Affirmed.