C. W. BEVERS, Adm'r, v. B. F. PARK and others.

*Statute of Limitations, right of heir to plead—Executors and Administrators—Legislative Power.*

1. The statute of limitations may be pleaded by the heir against a debt of the ancestor, in a proceeding by the administrator for license to sell the descended lands for assets to pay the same. The admissions of the administrator that the debt is just, and his declining to set up the statute as a defence, do not operate to deprive the heir of this right: there is no privity between him and the heir.

2. Whether the heir is bound by a valid subsisting judgment against the administrator, and to what extent he may contest the validity of the demand upon which such judgment is founded, (?).

3. The court intimate that the legislature has no power to revive a claim to which the bar of the statute has once attached. The act of 1881, ch. 80, discussed by RUFFIN, J.

(*Baker* v. *Webb*, 1 Hay., 43; *Thompson* v. *Cox*, 8 Jones, 311, cited and approved).

SPECIAL PROCEEDING for license to sell land for assets, commenced in the probate court, and heard at June Term, 1882, of WAKE Superior Court, before *MacRae, J.*

The defendants appealed.

*Messrs. Merrimon & Fuller* and *A. Jones,* for plaintiff.

*Messrs. Fowle & Snow* and *S. G. Ryan,* for defendants.

RUFFIN, J.   In September, 1869, Alsey Bevers died intestate, leaving the plaintiff and the defendants, Fanny C. Park and Atlas A. Bevers, his only heirs-at-law and next of kin.   In October of the same year the plaintiff became his administrator, and on the 26th day of May, 1874, begun this proceeding in the probate court of Wake county, for the purpose of making real estate assets for the payment of the debts of his intestate.

After issues before the clerk, the cause was removed into the superior court to be heard at term time, and then, with the consent of parties, it was referred to Mr. Joseph B. Batchelor, under the Code, to hear and determine all the issues involved.   Many points were taken before the referee and upon exceptions to his report before His Honor below, but, as in this court the cause was made to turn upon the statute of limitations, which defence had been set up in the answer, only so much of the case need to be stated as will enable that matter to be understood.

With reference to it, the facts are: That the intestate was possessed of a very small personal estate, which was duly administered, though no part of it was applied to the payment of his debts.   Soon after his qualification as administrator, the plaintiff himself paid, with a single exception, the debts of his intestate, which, so far as appears in the case, were simple contract debts, the last payment having been in 1871.   The only debt unpaid by him, and which has never been paid, was on a bond for sixty dollars, given to one Haywood, on the 1st of January, 1856.   This was presented to the administrator within a year after his qualification, and filed with, and admitted by him as a.

just and subsisting debt. Afterwards, in 1871, suit was brought upon it and judgment rendered against the plaintiff in a justice's court, and since then no further steps have been taken to enforce its payment.

The defendants contend that this debt is barred by the statute, and should not, therefore, be allowed as a subsisting debt against the estate of their ancestor.

The planitiff, on the other hand, declines to plead the statute as to this claim, and insists that the defendants cannot do so in a proceeding of this nature.

This question the referee deemed it unnecessary to decide, holding that the debt was not, in fact, barred by reason of the act of 1881, ch. 80, which, in effect, provides that upon the presentation of a claim to an administrator, and its admission by him, within one year from the date of his qualification, the statute shall be stopped thereon; and holding further, that this statute was intended to operate, and did operate, retroactively, and so as to revive this claim, though enacted more than seven years after the rendition of the judgment by the justice. This view of the statute was also taken by the judge below, and his ruling thereon is the subject of one of the defendants' exceptions.

As regards the debts paid by the administrator, and for which he now seeks to re-imburse himself by a sale of the lands, the referee finds, and it is conceded, that none of them were paid within seven years next before the commencement of this proceeding. The defendants thereupon contend, that by making such payments the plaintiff became a simple contract creditor of the estate of his intestate, and that his claims are, therefore, barred by the statute; but the referee, as well as the judge, ruled against them upon this point also, to which they further except.

The right of the heir, as against creditors, or the administrator representing them, to rely upon the statute of limitations as a defence of his own, when efforts are made to sell the lands descended to him for the debts of his ancestor, seems never to have been directly considered or adjudicated by this court. Still,

as we conceive, principles have more than once been enunciated, from which the existence of such a right in the heir is fairly deducible.

Speaking of the relations subsisting between the parties after the statute had made lands in the hands of the heir liable to the payment of debts, it was said in *Baker* v. *Webb*, 1 Hay., 43, that the same distinction between real and personal property was to be kept up as before; that lands, upon the death of the ancestor, descend to the heir, just as the personal chattels go to the administrator, and are no more to be affected by an action or judgment against the administrator, than the personal estate in the hands of the latter would be affected by a judgment against the heir; for, it was added, their interests and rights are totally distinct and separate.

In reference to the same point, the late Chief Justice PEARSON declared, in *Thompson* v. *Cox*, 8 Jones, 311, that when the administrator makes his application to the court to sell lands for assets, he is the representative of the creditors, and that the only adversary interest in the proceeding is that subsisting between himself and the heir.

If this, indeed, be so, and the administrator should really stand in such relation to the creditors as renders him their peculiar agent, while he antagonizes the right and claim of the heir, must it not necessarily follow that the latter must be left to make his own defence, free from the interference or dictation of the administrator? In such a proceeding, the very first question to be determined is, what debts are due from the estate of the intestate? and by the term *debts* are meant subsisting valid claims, and not such as are barred by the statute, or are presumed to have been paid. To hold otherwise, would present the singular anomaly of allowing a party to prescribe to his adversary the terms and extent of the defence which he should make, and would literally be, to first bind the heir, and then take from him his inheritance.

We are not, however, without authority upon the question,

derived from the adjudications of other courts, and which seem to our minds to be conclusive in regard to it.

In *Mooers* v. *White*, 6 Johns., Ch. Rep., 360, the very point was presented, as to the right of the heir, without the concurrence of the personal representative, to set up the defence of the statute when sued by a creditor of his ancestor, for the purpose of subjecting his lands to the payment of debts, and after great consideration was decided in favor of such right. In considering the question, the late learned Chancellor KENT declared that it seemed to him to be a principle of manifest justice, that no acknowledgment or admission by an executor or administrator ought to affect the real assets in the hands of the heir, or take from him the right to plead the statute of limitations, or make any other defence that his ancestor might have made if sued at the same time with himself; that it is only by virtue of an order of the court, and not *virtute officii*, that the personal representative could sell the land at all, and in such case his authority is derived entirely from the order, and without his having any estate or concern in the land itself.

In *Shewen* v. *Vandenbout*, 1 Russell and Mylne, 347, the Master of the Rolls carried the principle still farther, and, in an administration suit in which a creditor sought to prove a debt barred by the statute, permitted a *residuary legatee* to set up that defence, notwithstanding the executor expressly refused to do so. And upon an appeal taken to the Chancellor (LORD BROUGHAM), this decision was affirmed.

In *Briggs* v. *Wilson*, 5 DeGex., M. and G., 12, the executor, when the claim was presented to him, wrote to the creditor that he believed it to be just and should not, therefore, dispute it, and afterwards, in a creditor's administration suit, declined to set up the statute; it was held, that as to the personalty the statute did not bar the demand, but that as to the realty it was different; and the decision is put expressly upon the ground that hitherto, in an action by a creditor to sell the land of his debtor, the devisee, or heir, was a necessary party and might have pleaded the stat-

ute, and that it was not to be supposed that the courts and the legislature intended to take away this right, merely because they had given to the creditor a cheaper and more convenient remedy.

In *Riser* v. *Snoddy*, 7 Ind., 442, the supreme court of that state held, that to a petition by an administrator to sell real estate for the payment of debts, the heirs might plead that the debts were barred by the statute, or any other lawful plea in defence. In answer to the objection that the administrator was presumed to know better than the heirs about the validity of claims against the estate, and that it was in his discretion to set up the defence of the statute or not, the court observed, that the object of the proceeding was to deprive the heirs of their land, and that it was but reasonable they should be permitted to resist the suit and save their land if legally possible. Why else, it was asked, did the statute require that the heirs should be made parties to the action, unless it was intended that they should resist it? And if to resist, why should they not be allowed to avail themselves of all the rules of pleading, practice, and evidence, necessary for the purpose? A similar decision was made by the same court in *Jennings* v. *Kee*, 5 Ind., 257.

In *Steele* v. *Steele*, 64 Ala., 438, after an able and elaborate review of all the authorities affecting the question, that court held that in a proceeding to sell his lands, the heir was at liberty to dispute any and every debt that might be presented against the estate of his ancestor, and might set up every defence thereto which was legally sufficient. The decision rests upon the ground that there is no privity between the administrator and the heir, and hence the former cannot bind the latter by either his admissions or omissions; that while, by omitting to plead the statute or by an express promise to pay, he could revive a claim so as to charge the personal assets, he has no such power over the real assets, which descend directly to the heir, as to whom all his acts are *res inter alios*.

Controlled by the weight of these authorities, and being fully satisfied of the justice of the conclusion to which they conduct

us, this court does not hesitate to express the opinion that the defendants should have been allowed to plead the statute of limitations to all the claims, preferred against them, as charges upon the lands of their deceased father. If such a defence for the heir were proper to be made in any case, in none could it possibly be made with more propriety than in the present, in which the administrator is himself the creditor, and, instead of shielding the estate intrusted to him from the payment of stale claims, is seeking for his own advantage to enforce their collection at the expense of the heir.

Even as regards the personal estate, the administrator was never allowed to occupy a higher or better ground than a creditor of the same dignity, and when allowed by law to retain for his own demands upon his intestate, he was never permitted to retain for a debt which, as a creditor, he could not recover at law ; consequently, he could not retain a debt due to him personally, when it was barred by the statute in the life-time of his intestate. *Rogers* v. *Rogers*, 3 Wend., 503.

It is not necessary that we should decide, nor do we undertake to do so in this case, how far the heir may be bound by a valid subsisting judgment against the administrator, or to what extent he may contest the validity of the demand upon which it is founded. For however these matters may be, if in any case the heir can be at liberty to plead the statute, he must be so, when as in this case the only judgment against the administrator is itself, and as a judgment, barred by the lapse of more than seven years from the date of its rendition by the justice. C. C. P., § 32. It is now the subject of contention between the parties, and must be subject to any objection that lies against it in its present shape.

Nor is that judgment saved from the bar of the statute by force of the act of 1881. That act purports to amend section 43 of the Code, which provides that in case of the death of a debtor before the expiration of the time limited for the commencement of an action against him, it may be brought against

his representative after that time, and within one year after granting letters upon his estate, and the only effect of the amendment is to introduce a further provision, that should a claim thus situated be presented to the administrator within the time specified in the main act, and be admitted by him, it shall not be necessary to sue upon it in order to stop the running of the statute.    Admitting then, the fact that the judgment in this case was completely barred at the date of the enactment, and conceding, what we are far from believing to be true, that the legislature may by a general law revive a claim to which the bar of the statute has once attached, we are still completely at a loss to perceive its application to this case, in which the judgment is against the administrator himself, who alone could be sued in a direct action upon it, and he is still living.    The case is, therefore, not such a one as is provided for in the statute, and does not come within its mischief.

The opinion of the court, based upon the facts as found by the referee and the judge below, is, that all the claims mentioned in the proceeding as debts due from the plaintiff's intestate, are barred by the lapse of time, and should have been so declared upon the plea of the defendants; and that no license to sell the lands of the intestate should have been granted to the plaintiff.

The judgment of the court, therefore, is that the action be dismissed, and that the defendants go without day.

Error.                                   Judgment accordingly.