JOHN G. SMITH, Adm'r of R. KING, v. W. J. BROWN et al.

*Administration—Executors and Administrators—Statute Limitations—Real Assets—Judgment, When Conclusive.*

1. While the same defences are available to the heir or devisee of lands, sought to be subjected to sale to constitute assets for the payment of debts, as to the personal representative of the decedent, yet if the claims which are thus sought to be satified have been reduced to judgment against the personal representative, that judgment is conclusive upon the heir or devisee, unless it can be shown it was procured by collusion.

2. The heir or devisee may, however, show that, although there has been judgment against the personal representative, the personal estate has not been fully administered, or that there has been a *devastavit*, and the remedies against the administrator or executor have not been exhausted.

3. A personal representative who seeks to subject descended or devised lands to make assets for the payment of debts represents the creditors of the estate; and as he in that capacity would be subject to any defences the heir or devisee could establish, so he is entitled to any benefit or exception which they might have in prosecuting the action against him.

4. The opinion of the Court delivered in this action at former term, (99 N. C., 377,) is affirmed.

5. *Bevers* v. *Park*, 88 N. C., 456, is commented upon.

This is a PETITION to rehear this appeal, the cause having been argued and an opinion filed and judgment delivered therein at last term.   (See 99 N. C., 377.)

*Mr. W. F. French*, for the plaintiff.
*Messrs. F. McNeill* and *T. McNeill*, for the defendants.

SMITH, C. J.   This proceeding, as will be seen in the report of the case when before us on the former appeal, at the last term, is prosecuted by the plaintiff, administrator *de bonis non cum testamento annexo* of R. King, against the defendant

Brown, the removed executor and the others, devisees of the testator, to subject divers tracts of land that have come to them to the payment of the testators debts.   In the progress of the cause the plaintiff was required to file a detailed and specific statement of the claims to be provided for, which the personal estate was not adequate to meet, and it was necessary to sell the lands.   The list was furnished, and to the debts thus enumerated therein the defendants, to whom said devised lands belong, interpose a defence, alleging that each and all of said claims are barred by the lapse of time, and ought not to be enforced against the real estate left by the testator.   The controversy is narrowed to this single point, and the issue as to the statutory obstruction thus set up is in substance and legal effect between the creditors represented by the plaintiff, but not individually, in the action, and the devisees contestants, who claim to hold the real estate free from the testator's debts.

The validity of these unsatisfied demands, reduced to judgment, and the sufficiency of the defence made thereto, were considered and passed on when the first appeal was heard and disposed of.   The same point is presented, in the application now before us, for reconsideration of the ruling then made, and the same argument, urged with earnestness and confidence in support of the decision in the Court below, which then failed to convince us of its correctness, has not displaced the conclusions to which our minds were led.

The contention was, as it is now, that the statute began to run against claims which became due by the deceased, before the changes introduced in the Code of Civil Procedure, at the date of his death, (Rev. Code, ch. 65, § 11.) and against such as became due since, from the qualification of the executor, and in both cases completed its course seven years thereafter, (*The Code*, sec. 153, subsec. 2,) and in neither was its running intercepted or delayed by a suit begun before that time expired, and prosecuted to final judgment against the

personal representative. Upon an examination of these enactments, which are not in terms entirely similar, it will be seen that the first requires creditors to " make their claims " within the designated time, or, failing to do so, they will " be forever barred," having reference to the creditors inaction meanwhile, and it is too plain to need argument to show that creditors who do sue and reduce their debts to judgment make their claim in a most efficient manner in doing so. Of whom else could the demand be made, unless of him who represents the debtor, and has in his hands the personal and may have the proceeds of the real estate sold, when necessary to increase the assets to a sum sufficient to pay the indebtedness? Where such presentation of the debt is made and followed by an action, the requirements of the act of 1715 are met, and it can have no further application. After the rendition of judgment, a new cause of action, between living persons, springs up, where any action can be maintained, and is enforced under other and differing statutory provisions, and none can be supported upon the original cause of action against the representative or any one else.

The argument to the contrary derives apparent support from the reasoning, none from the ruling, in *Bevers* v. *Park*, 88 N. C., 456, the erroneous inferences drawn from which we endeavored to correct in *Speer* v. *James*, 94 N. C., 417. We now propose to add to the latter by reference to previous positive and direct adjudications upon the question of the effect of a judgment rendered against the personal representative, where it is sought to subject the descended or devised lands to its satisfaction, by converting them into assets in aid of the personal estate. The cases to which we refer were bills filed in the Court of Equity by the personal representative to have his expenditures, in excess of assets, reimbursed out of the real estate.

In *Williams* v. *Williams,* 2 Dev. Eq., 69, RUFFIN, J., delivering the opinion, thus speaks: " It is only a debt in this Court, upon its principle of substitution, which places the administrator here as the law does—an assignee of the debt. No injury can arise to the heir, but rather a benefit, by the jurisdiction. The personal estate is still the primary fund, and hence the administrator *de bonis non* is a necessary party, and the heir is at full liberty to show assets in the hands of either the first or last administrator. *The debt is fixed conclusively by a judgment at law against the administrator, unless the heir can show collusion.*"

Still more explicitly, and in elucidation of the law established in this State for the settlement of claims against deceased debtors out of their estate, HENDERSON, C. J., thus speaks in *Sanders* v. *Sanders,* Id., 262, decided at the ensuing term : " The conclusive effect of that suit," referring to a previous decree, " arises from the *peculiar relation subsisting in our law* (the italics are his) between the personal representative and the heir. I call it *peculiar,* for I believe it nowhere else exists. *Here they are not strangers,* as they are in England, but there is a *quasi privity* between them, as the former defends as well *for the heir* as for the other creditors, the legatees and next of kin. The judgment against him, in the absence of fraud, is conclusive upon all, except as to the plea of fully administered. The law allows the heir to contest that when brought in to show cause, not why the creditor should (not omitted) recover his debt, but why he shall not have his judgment, obtained against the executor or administrator, levied out of the real estate." ·

The practice then prevailing, when the devisee or heir was brought in to show cause why the land should not be sold and the proceeds applied to the judgment, differs in no respect, so far as the principle is concerned, from that introduced in the act of 1846, which requires the representative himself to pursue the real estate, and to cause so much of it

to be converted into assets, by a sale, as may be needed, and to be put in his hands and used in a due course of administration in like manner as the personal assets.

The same defences, and none others, are open to the heir and devisee, whichever course may be pursued, and the judgment equally concludes that arising out of the lapse of time. If the suit were upon the original debt due by specialty, it not being merged in the judgment, no statutory bar would be in the way, as there was no limitation upon such causes of action under the law then existing, but only a presumption, raised from the lapse of time, liable to be rebutted by proper proof, that the debt still subsisted under the former method of proceeding by *scire facias*. So where the personal representative, against whom the indebtedness is established by final judgment, pursues the real estate, the heir and devisee are, for similar reasons, concluded from setting up a defence under the statute of limitations.

Again, under the act of 1715, if the judgments were out of the way, and the representative was sued, he could not avail himself of its protection, because he had not fully administered and discharged himself of the trust. The present plaintiff, it is found as a fact, has made $1,700 out of funds of the estate delivered over to him by the removed executor, and this would have defeated the plea when interposed, according to the ruling in *Cooper* v. *Cherry*, 8 Jones, 323–330, recognized since in *McKethan* v. *McGill*, 83 N. C., 517; *Rogers* v. *Grant*, 88 N. C., 440; *Morris* v. *Syme*, Id, 453.

Again, the personal estate must be exhausted, or its deficiency ascertained, before the land can be charged, and this condition includes the recovery of wasted assets upon the bond or against the representative, as we have shown in *Lee* v. *Beaman, ante,* 294. And this necessity arises out of the relations of the two classes and kinds of property towards the creditors, which require the application of the one to the indebtedness first, and charges the other only so far as is

required to make up a deficiency; and to enable the heir and devisee to disprove the averment of such sufficiency they are severally brought into Court.

There are, however, two, perhaps more, of the judgments that belong not to the class which we have been considering, and were rendered upon debts incurred under the operation of the present law of limitations. They are in favor of Jame A. Philips and W. B. Fort. The substituted enactment bars an action " not begun by any creditor of a deceased person against his personal or real representative within seven years next after," &c., contemplating a creditors' suit against a *real* as well as personal representative in some cases, and hence it is said that what would be a defence to the one is equally so to the other. As we have seen, the creditor does not directly sue the devisee to obtain satisfaction out of the devised, nor the heir, to obtain it out of the descended lands.

The creditor has access, by legal process, to the personal representative alone, to compel the appropriation to the debts of the trust fund that goes into his hands *virtute officii*, or to coerce him by an adversary action against him and them, in which the same result is reached by the action of the Court in having the lands sold and the fruits of the sale thus applied. *Pelletier* v. *Saunders*, 67 N. C., 261.

It may be that the insertion of this term, "*real representative*" in the new, not found in the old statute, had reference to an action given to a judgment creditor, who acquired the lien in the debtor's life-time, against the heirs, in the Code of Civil Procedure, sec. 325, and those following, which, though then in force, have been omitted in *The Code;* and actions to enforce a specific performance of contracts for the conveyance of lands, or for the foreclosure of mortgages and trusts upon land may have been contemplated.

But a much wider scope has been given to the words in *Syme* v. *Badger*, 96 N. C., 197, and in *Andres* v. *Powell*, 97

N. C., 155; and a construction adopted which places both kinds of representatives upon the same footing, and affords a like protection to each estate by the lapse of time. It is difficult to reconcile these conflicting adjudications, and we forbear to express an opinion upon the apparently repugnant ruling, until it shall become necessary to do so. The creditors are not before us, and our opinion is asked only with a view of ascertaining the probable amount to be raised out of the lands; and as other unmentioned creditors may come in and add to the aggregate by proving their debts, so would these not be concluded by our opinion. It would be otherwise if they were parties to the suit.

Leaving these claims open for adjudication when hereafter presented, if contested, our opinion involves the necessity of selling the land and the overruling the judgment in the Court below, and affirming that brought under review.

The other, and remaining error assigned, is in putting a construction upon the saving clause contained in section 164 of *The Code*, which, it is argued with earnestness, has no application to the case in whose support it is cited. The fallacy under which the criticism upon the language of the Court labors, lies in a misapprehension of the facts to which it applies.

The contest is about the creditor's action and the bar set up thereto, defended, it is true, by the plaintiff, but only in his assuming the creditor's place. Now, the creditor could not sue during the interval between the removal of the executor and the grant of letters to his successor. As the action was not barred at the time of the removal, we deem him to stand substantially in the position of one who has a debt against the deceased, not barred at his death, to whom the statute gives the enlarged time, and in such case we understand the counsel for the defendants to concur. This protection thus being given, he was entitled to the benefit of it

101—23

when the plaintiff, recognizing the validity of the debt, sues, as it was his duty to do, for all the creditors, thus dispensing with a further movement on the part of this creditor, and arresting the running of the statute against them. It is essentially of the nature of a creditor's bill, as it is prosecuted on behalf of all, and the statute ceases as to all at its commencement. *Dobson* v. *Simonton*, 93 N. C., 268.

In truth, except for the purpose of establishing the debt, no action can be brought by a creditor, except on behalf of himself and all others, to have an appropriation of the assets. *Wilkins* v. *Finch*, Phil. Eq., 355; *Moore* v. *Miller*, Id., 359; *The Code*, § 1448.

Except as to the claims not passed on, the judgment is affirmed. Petition refused.