## THE STATE v. SAMUEL HALFORD AND ROBERT P. WILLIS.

*Indictment—Arrest of Judgment—Amendatory Statute—*
*Burglary—Felonious Intent.*

1. In an indictment for burglary it was charged, and the evidence established the fact, that the crime was committed on the 11th day of November, A. D. 1888; on the 11th day of March following an act of the General Assembly (ch. 434, Laws 1889) was ratified, which materially altered the existing law in respect of the crime of burglary, but it contained a provision that it should "not apply to any crime committed before its ratification": *Held*, that the indictment sufficiently alleged the fact that the offence was perpetrated prior to the passage of the amendatory act, and that the Court committed no error in refusing to arrest judgment. *State v. Wise*, 66 N. C., 120, distinguished.

2. An averment in an indictment for burglary, that the breaking was with the intent to commit larceny, is supported by proof that the entry was made with a purpose to commit a robbery.

Indictment for Burglary, tried at Spring Term, 1889, of RUTHERFORD Superior Court, *Clark, J.*, presiding.

The indictment charged the prisoners with the crime of burglary of a dwelling-house. They severally pleaded not guilty. On the trial of this plea, the jury rendered a verdict of guilty. They moved in arrest of judgment, assigning as cause that referred to in the opinion of the Court. The motion was denied, and they excepted. There was judgment of death against them, and they appealed.

*The Attorney General* and *Mr. M. H. Justice,* for the State.
*Messrs. H. A. Gudger* and *J. A. Forney,* for the defendants.

MERRIMON, C. J.: The Statute (Acts 1889, chap. 434), ratified the eleventh day of March, 1889, makes important and material changes and modifications of the common law and the statutes of this State in respect to the crime of burglary. It prescribes that, "If the crime be committed in a dwelling-

house, or in a room used as a sleeping apartment in any
building, and any person is in the actual occupation of any
part of said dwelling-house, or sleeping apartment, at the
time of the commission of said crime, it shall be burglary
in the first degree.   Second: If the said crime be committed
in a dwelling-house, or sleeping apartment, not actually occu-
pied by any one at the time of the commission of the crime;
or if it be committed in any house within the curtillage of
a dwelling-house, or in any building not a dwelling-house,
but in which a room is used as a sleeping apartment, but not
actually occupied as such at the time of the commission of
said crime, it shall be burglary in the second degree." It
further prescribes that " any one so convicted of burglary in
the second degree shall suffer imprisonment in the State
prison for life, or for a term of years, in the discretion of the
Court "   It further prescribes "that when the crime charged
in the bill of indictment is burglary in the first degree, the
jury may render a verdict of guilty of burglary in the
second degree, if they deem it proper so to do;" and it is
further enacted " that this act shall not apply to any crime
committed before its ratification, but as to such crimes the
law shall remain such as it was at the time of the commis-
sion of the crime."

The prisoners moved in arrest of judgment, assigning, as
ground of the motion, that the indictment failed to charge
with sufficient certainty that the offence charged was perpe-
trated before the enactment of the statute cited above, and,
therefore, the Court could not see from the record whether
the offence was committed before or after such enactment,
and could not determine the degree of the crime, or the
kind or measure of the punishment to inflict.

We are of opinion that the motion cannot be sustained.
The statute took effect on the eleventh day of March, 1889,
and it did not apply to or effect offences of a date prior to
that time.  The indictment charges expressly that the offence

was committed on the eleventh day of November, 1888. This charge is not as explicit and formal as it might, and perhaps strictly ought to be, as the time so charged is not generally required to be proven certainly as laid. It would have been better—more satisfactory—to have charged that "before the eleventh day of March, 1889, to-wit, on the eleventh day of November, 1888," &c.; still, the Court could see from the charge as made that the statute cited did not affect it, and it could certainly direct the jury as to the evidence, its bearings and application; and, also, determine with certainty the kind and measure of punishment to impose. *Rex* v. *Brown*, 22 En. Com. Law R., 277.

This case is unlike that of *State* v. *Wise*, 66 N. C., 120, cited and relied upon by the prisoners' counsel. In that case the indictment charged the offence to have been committed *before* the enactment of the amendatory statute there in question, the evidence produced proved that it was committed *after* that time, and this Court decided that the Court below could not determine intelligently whether the punishment ought to be that prescribed by the first or by the amendatory statute, and arrested the judgment on that account. And in *State* v. *Massey*, 97 N. C., 465, also cited, the offence was committed *before* the enactment of the amendatory statute, and the indictment charged that it was committed afterwards; if it had charged the offence as having been committed *before* that time, the case would have been very different from what it appeared to be. In the present case, the indictment charged, and the evidence proved, that the offence was committed *before* the amendatory statute took effect.

The indictment charged an intent to commit a larceny. After the verdict—not before—on the motion for a new trial, it was assigned as error that the Court had failed to instruct the jury that, if they believed the purpose was to commit a

robbery, then they should acquit. If this objection had merit it came too late, but it could not have availed the prisoners if it had been made in apt time. To rob implies to steal by force. *State* v. *Cody,* 1 Winst., 197.

Affirmed.