THOMPSON PROCTOR. Adm'r, v. W. H. PROCTOR.

*Petition to Make Real Assets—Plea of Statute of Limitations by Heir.*

1. In a proceeding by an administrator to sell the lands of his intestate to make assets, the heir can plead the statute of limitations to such claims of creditors as have not been reduced to judgment against the administrator. The heir is bound by such judgment, unless he can show that it was obtained by collusive fraud.

2. Where in such proceeding the defendant (heir) pleaded that "if there is any indebtedness outstanding against the estate of plaintiff's intestate, the same is barred by the statute of limitations" (*The Code,* § 153, par. 2), "and the said statute of limitations is hereby pleaded against the collection of said claims: *Held,* that although the plea is indefinite and unsatisfactory, it was the duty of the Court below to have considered and determined it, and a failure to do so is error.

PETITION to make real estate assets, tried before *Graves, J.,* at Spring Term, 1889, of EDGECOMBE Superior Court, upon appeal from the Clerk.

It appears that L. D. Proctor died intestate in 1877, and that on the first of May, 1878, the plaintiff was appointed administrator of his estate, and he brings this special proceeding to obtain a license to sell lands of his intestate to make assets to pay the debts of the latter. The defendant appellant, one of the heirs at law of the intestate, in his answer to the petition, denies that the personal assets that have come and ought to have come into the hands of the plaintiff are insufficient to pay the debts of his intestate, and he pleads specially, "that if there is any indebtedness outstanding against the estate of plaintiff's intestate, that the same is barred by the statute of limitations (*The Code,* §§ 153, par. 2, 155 and § 1427), and the said statute of limitations is hereby pleaded against the collection of said claims."

It seems also that the appellant intended to plead, and was treated as pleading, perhaps before the referee, any statute of limitation applicable to such debts, whether notes, single bonds or judgments, as were preferred against the administrator, whether the latter pleaded such statute or not, and as to debts admitted by him, as to which he did not plead such statute, although he might have done so successfully, but allowed judgments to go against him.

One debt presented against the administrator was the single bond of his intestate, made to P. G. Foster for $78.62, dated and due the 1st of September, 1855, and there were other like bonds—one made in 1870    The plaintiff did not plead the statute of limitation or payment against any of these debts, but suffered judgment to go against him in the Court of a Justice of the Peace. In the course of the special proceeding, there was an order of reference directing an account to be taken and stated, and, before the referee, the appellant insisted that the debts above referred to were

barred by the statute of limitations, or, under the statute of presumption, they were presumed to be paid. One of the judgments referred to above was given after this special proceeding began, and after the appellant had .filed his answer to the petition. The referee took evidence, found the facts and law, stated an account and made his report of the whole to the Court. The appellant filed numerous exceptions to the findings of fact and law by the referee, which the Court overruled and gave judgment in favor of the plaintiff, from which the complaining defendant appealed.

*Mr. John L. Bridgers,* for plaintiff.
*Mr. G. M. T. Fountain* (*Messrs. Norfleet & Staton* filed a brief)*, for defendant.

MERRIMON, C. J.—after stating the facts: It is expressly decided that the heir may plead the statute of limitations against a debt of the ancestor not reduced to judgment against the administrator in a special proceeding of the latter to obtain a license to sell the descended lands to make assets to pay debts of the intestate. *Bevers* v. *Park,* 88 N. C., 456. In that case, it was left an open question, "How far the heir may be bound by a valid subsisting judgment against the administrator, or to what extent he may contest the validity of the demand upon which it is founded." The question thus left open was considered and settled in *Speer* v. *James,* 94 N. C., 417. In this case, *Bevers* v. *Park, supra,* is referred to and commented upon, not disapprovingly, but the Court declined to enlarge its scope so as to allow the heir to plead the statute of limitations against a debt upon which the administrator had, in good faith, allowed a judgment to go against him. It is there held that the heir is bound by the judgment against the administrator, unless he can show that it was obtained by collusion and fraud, and he is barred by it from setting up any statutory limitation or other mat-

ter which might have been pleaded by the administrator as a bar to the action against him.

The findings of fact by the Court negative the allegation of the appellant, in his answer, that the judgments referred to were obtained by collusive fraud. He could not, therefore, avail himself of the statute of limitations that the plaintiff might have pleaded against the notes upon which such judgments were founded. It appears that the note on which judgment was given against the plaintiff after this special proceeding began was not barred by the statute. Hence, it is not necessary to inquire whether the appellant's plea of the statute of limitation as to it had reference to the beginning of the proceeding, or to the filing of his answer, or the time of taking it into the account by the referee. Such inquiry is not material here. The Court, therefore, decided properly that the appellant could not avail himself of the plea of the statute of limitations against the notes on which the judgments were founded, as the plaintiff might have done.

It is alleged in the answer that the plaintiff, who is one of the heirs of his intestate, entered into an agreement with the defendants, the other heirs, whereby he obliged himself to live upon and take the rents of the land, support the surviving widow of the intestate, and pay the debts of the latter, and that he had received rents sufficient to pay the debts, &c. Such agreement can have no application or force here. The estate must be administered according to law. The creditors are entitled to have their debts paid without reference to and unaffected by agreements, whether for convenience or otherwise, between and among the next of kin and heirs. The plaintiff in this proceeding is only chargeable with such rents as he received, or ought to have received, as administrator.

105—15

The plea of the statute of limitations in the appellant's answer is not simply informal, it is indefinite and unsatisfactory as a pleading. The purpose seems to be to plead, with appropriate averments, that the plaintiff in this special proceeding represents, sues for and in behalf of certain creditors of his intestate, who was the appellant's ancestor; that he is the heir and real representative of his said ancestor; that such creditors, so suing through and by the plaintiff, have not brought this special proceeding against the appellant as such real representative, within seven years next after the qualification of the plaintiff as such administrator. The plea, if sufficiently pleaded, raises a very important question upon the statute (*The Code*, § 152, par. 2). It may be that it should be treated as sufficient for the purpose contemplated by it. But it is not proper to decide now that it is or is not sufficient, because the question is not now before us. Strangely, the Court below, so far as appears, did not consider or pass upon the merits of this plea, although it seems the appellant insisted that it should do so. The Court may have been of opinion that the appellant could not avail himself of such a plea, that it was impertinent, or it may have been confounded with the like plea as to the particular claims preferred against the administrator; but, nevertheless, it should have taken notice of and disposed of it by proper adjudication.

This plea presupposes that the statute just cited bars the right of the plaintiff to maintain this special proceeding against the appellant for the benefit of creditors, because it was not brought within seven years next after the qualification of the plaintiff as administrator. As invoked, it does not have reference to the particular claims preferred against the administrator. The appellant's counsel insisted in his brief that this Court should take notice of the plea and decide upon its pertinency and sufficiency. We cannot

do so, because the facts as to whether or not the advertisement required by law for creditors to present their claims to the administrator was duly made are not found. This is material. There is some evidence in this respect, but the referee did not find the facts, nor did the Court. *Love* v. *Ingram,* 104 N. C., 600.

An action is not tried and disposed of until its whole merits, as presented by the pleadings, are considered and determined by the judgment of the Court. All the issues of fact should be tried in some way authorized by law, and the law applied upon the facts admitted by the pleadings and as found. Otherwise, there is error. Every material party has a right to have the action determined upon the whole merits, unless, in some respect or in some way, he has abandoned or waived such right, and this should appear by the record. There is error. To the end that further proceedings may be had in the Court below, in accordance with this opinion, let the same be certified to that Court. It is so ordered.

Error.