G. W. LONG et al. v. W. C. OXFORD, Executor.

*Executors and Administrators—Judgment, when Conclusive—Statute of Limitations.*

1. In a proceeding to sell land to make assets, a judgment previously obtained against the executor is conclusive again-t the heirs and devisees unless fraud and collusion is alleged and shown and the heir or devisee cannot plead the statute of limitations or other defence which might have been set up in the original action.

2. In such proceedings the realty is liable for costs as well as for the balance of the judgment, unless the Court which rendered the judgment taxed the cost against the executor (or administrator) personally or against the plaintiff.

APPEAL from *Merrimon. J.,* at Spring Term, 1891, ALEXANDER Superior Court.

This was a special proceeding in the nature of a creditor's bill for the settlement of an estate, and to subject devised lands to the payment of debts.

On the hearing before the Clerk, the plaintiff demurred to the answers filed, on the ground that they did not allege facts sufficient to constitute a valid defence. The Clerk, sustaining the demurrer, gave judgment against the defendants, which judgment was confirmed by the Judge in term, and the defendants appealed to the Supreme Court.

*Mr. A. C. McIntosh* (by brief), for plaintiffs.
*Mr. R. B. Burke,* for defendant.

CLARK, J.: The plaintiffs seek to subject the lands of Samuel H. Reid to the payment of a judgment heretofore obtained against the executor. The defendants, who are the executor himself and his wife (who is the sole devisee of Reid), attempt in their answers to set up the statute of limitations and other matters of defence which might have been

pleaded in the original action. The plaintiffs demurred, on the ground that the answers did not set up any defence to the action which could avail the defendants or either of them.

The Court properly sustained the demurrer. " The heir (or devisee) is bound by the judgment against the administrator (or executor) unless he can show that it was obtained by collusion and fraud, and he is barred by it from setting up any statutory limitation or other matter which might have been pleaded by the administrator (or executor) as a bar to the action against him." *Proctor* v. *Proctor*, 105 N. C., 222; *Speer* v. *James*, 94 N. C, 417; *Smith* v. *Brown*, 101 N. C., 347. The answer of the devisee in the present case does not aver fraud or collusion. It is admitted that the personal assets are insufficient to pay the judgment.

The defendants, however, insisted that the land cannot be subjected to payment of the costs and is exempted therefrom by virtue of the former decision of this Court. It was competent for the Court below in the former action to have taxed the executor personally with the costs of that action in the cases mentioned in *The Code*, 1429. When the appeal from the judgment in that action was before us (104 N. C., 408), the question presented was as to the right of the plaintiff to recover costs. The judgment below gave the plaintiff costs but did not tax the executor with them individually, and the judgment here merely affirmed the judgment below. The land is subject to pay the costs, as well as the balance of the judgment.

Affirmed