## THE STATE v. LEONIDAS McKNIGHT.

*Burglary— Time of Night— Charge—Evidence— Code—*
*Larceny.*

1. When a prisoner indicted for burglary admitted the breaking with felonious intent, and upon the question of whether it was night-time there was evidence that it was "after daylight down," and was "dark, except the light of the moon": *Held*, there was sufficient evidence to warrant the finding of the jury that the offence was committed in the nigh-time.

2. There was no error in refusing to charge that the jury might convict for a lesser offence than that charged, as provided in section 996 of *The Code.*

3. There was no error in the charge that if the jury were not satisfied beyond a reasonable doubt that the offence was done in the night they should return a verdict of larceny.

4. It was not error in the Court to remark, in response to comments of counsel, "the trial of one T. (an accomplice hitherto convicted) had nothing to do with this case."

INDICTMENT for burglary in the first degree, tried at August Term, 1892, of SURRY Superior Court, before *McIver, J.*

The defendant was found guilty, and appealed from the judgment pronounced.

*The Attorney General,* for the State.
No counsel for defendant.

SHEPHERD, C. J.: The prisoner was indicted for burglary "in the first degree," and on his trial admitted the breaking and entry with the felonious intent as charged in the bill. The propriety of the admission is demonstrated by the decision of this Court in *State* v. *Fleming,* 107 N. C., 905, in which the question as to what constitutes a sufficient breaking is fully discussed and illustrated by many authorities.

The prisoner, however, very seriously insists that the State has failed to adduce sufficient evidence to warrant the jury in finding that the breaking and entry was done in the night-time, and it will therefore be necessary to recapitulate so much of the testimony as bears upon this point.

Mrs. S. H. Taylor testified that she had an early supper on the night in question, but not earlier than was her custom; that sometime after supper her husband and the other members of the family left the house and went up into the town to be present at an oyster supper at Moore's hotel; that when they left "it was dark, except what light was given by the moon; that it was after daylight had disappeared," and that the lamps in the house had been lighted sometime before. On cross-examination she stated that it was her habit to have supper "generally about sun down; that it was no earlier that evening than usual; that at that time of the year the moon was up early in the evening, and as the sun descended the moon became brighter; that she did not know what time it was; it was after night; was after daylight down, though early in the night."

Mrs. Galloway, a daughter of Mrs. Taylor, testified that she went with the other members of the family to the oyster supper, but that they did not start for sometime after they had taken supper at home; that when they started the lamps in the house had been lighted, and "it was dark, except the light from the moon; it was after daylight down."

Sir William Blackstone (4 volume Com. 224) says that " anciently the day was accounted to begin only at sunrising, and to end immediately upon sunset; but the better opinion seems to be that if there be daylight or *crepusculum* enough begun or left to discern a man's face withal, it is no burglary. But this does not extend to moonlight, for then many midnight burglars would go unpunished."   " In the law of burglary there must not be daylight enough to discern a man's face."   Anderson's Law Dic., 709; *Commissioner* v. *Chevalier,*

7 Dana, Abridgement, 134; *State* v. *Bancroft,* 10 N. H , 105; *People* v. *Griffin,* 19 Cal., 578.

It will not avail the prisoner, however, "if there was light enough from the moon, street lamps and buildings, aided by snow, to discern the features of another person." *State* v. *Morris,* 47 Conn., 179. Doctor Wharton says (2 vol. C. L, 1594): "But there are moonlight nights in which the countenance can be discerned far more accurately than on some foggy days; and besides this, what such light is depends upon the vision of the witness. The jury must determine the question independently of this capricious test." Some authorities declare "that by night-time is meant that period between the termination of daylight and the earliest dawn in the morning."

Applying either of the tests above mentioned, we are entirely satisfied that there was sufficient testimony to warrant the finding of the jury that the offence was committed in the night-time. The exception is therefore without merit.

We see no error in the refusal of the Court to charge the jury "that they might convict for a lesser offence than that charged in the bill of indictment, as provided in section 996 of *The Code.*" This being an inhabited dwelling-house, and the prisoner having admitted the breaking and entering, as well as the actual taking of the money, the only question to be determined was whether it was done in the night-time. If done in the night-time, it was burglary in the first degree, and if not done in the night-time, the prisoner would have been guilty of larceny, and not of a substantive offence under the section of *The Code* referred to. His Honor told the jury that if they were not satisfied beyond a reasonable doubt that the offence was committed in the night-time, they should return a verdict of larceny. This was all that the prisoner was entitled to, as the law does not require the Court to charge the jury without reference to the admissions or the evidence. *State* v. *Fleming, supra.*

The prisoner's counsel in addressing the jury commented upon the trial of Harry Taylor (an accomplice who had been previously tried), and his sentence to the State's prison for twenty years. Upon objection being made, his Honor remarked "that the trial of Harry Taylor had nothing to do with this case." In this we see no error, and the exception in this respect must be overruled.

Although the alleged errors in the charge are not specifically assigned, and the exception is to " the charge as given " (*McKinnon* v. *Morrisson*, 104 N. C., 354), and ought not to be considered, we have nevertheless examined into the whole record, and, after a careful scrutiny, have been unable to discover any error which entitles the prisoner to a new trial.

Affirmed.