A. M. LEE, and others v. L. A. McKOY, Executrix, THOMAS H. McKOY, and others.

*The Code, Sections* 153 (2), 162, 1436, 1474—*Statute of Limitations—Liability of Heir for Ancestor's Debts— Remedies of Creditors Against Estates of Deceased Persons—Syme* v. *Badger Overruled.*

1. The Statute of Limitations is suspended by *The Code*, Section 162, in the following cases : (1) When the person against whom a cause of action exists becomes a non-resident, whether he remain continuously absent for a year or occasionally visits the State ; (2) When such person retains his residence, but is absent from the State continuously for one year or more.

2. If a party is a non-resident of the State where the cause of action accrues, the " return to the State," specified in Section 162 as necessary to put the Statute of Limitations in motion, is a return, *animo manendi,* not a casual appearance in the State, passing through it, or even making a visit here.

3. A judgment against the personal representative on a debt of his intestate is an estoppel upon the real representative, and in the absence of fraud or collusion is not open to a plea of the Statute of Limitations on the part of the real representatives.

4. If an action is brought by a creditor against the personal representative of his deceased debtor within seven years, &c., but by delays in the courts judgment is not obtained until after seven years, the real representative is not protected by the Statute of Limitations when it is sought to subject the decedent's lands to the payment of such debt.

5. Upon the death of a debtor, the creditor's remedies are primarily against the personal representative ; he cannot maintain an action against the real representative until the personal estate has been exhausted ; or, if that has been wasted, until the bond of the personal representative has been exhausted; but he may sue both the personal and real representative in one action in order to avoid circumlocution.

6. It is the duty of the personal representative to take appropriate steps to subject the real estate of decedent to the payment of debts.   If he is derelict in this matter, the creditor has a remedy to enforce a sale of the real estate under Sections 1436, 1474, *The Code.*

7. The decision in *Syme* v. *Badger*, 96 N. C., 197, as to the seven-year Statute of Limitations seems to have been founded upon a mistaken line of reasoning, and having been several times doubted in former decisions, is now positively overruled, as is also the case of *Andres* v. *Powell*, 97 N. C., 155.   The ruling in *Syme* v. *Badger* would bar a cause of action before the right to sue on it had accrued.

CIVIL ACTION, tried before *Graham, J.,* and a jury, at Fall Term, 1895, of SAMPSON Superior Court.

A. A. McKoy died November 11, 1885, seized of real and personal property.   On November 13, 1885, L. A. McKoy qualified as executrix under his last will and testament, and on the 19th made advertisement for creditors.

On February 11, 1892, plaintiff A. M. Lee recovered judgment before a justice of the peace against defendant executrix on a note under seal, due January 1, 1883, for $74.49, and on an account due at his death $106.53, which were docketed in the superior court on February 11, 1892.

On April 22, 1892, an action was instituted against defendant executrix by A. M. Lee, for himself and all other creditors, to enforce said judgments.

Under an order of court, F. R. Cooper was appointed referee to take and state an account.

At the hearing the accounts of the other plaintiffs were passed upon, as set forth in the report of the referee.

It appeared from said report that such assets as had gone into the hands of the executrix were wasted, and that she was insolvent.

Whereupon an order was issued making Thos. H. McKoy and A. McK. Griggs, heirs-at-law and devisees of A. A. McKoy, and L. A. McKoy, guardian *ad litem* of A. McK. Griggs, parties defendant, and that summons issue.

On January 28, 1895, Thos. H. McKoy was brought into court, and September 25, 1895, defendant A. McKoy Griggs and his guardian were likewise brought into court.

Their answers were filed on the above respective dates, and they plead that, under *The Code*, Section 153, Sec. 3, their lands could not be charged with their ancestors debts.

Plaintiffs reply that, at the time of the death of his father, A. A. McKoy, and for many years thereafter, Thomas H. McKoy was a non-resident of the State, and the statute does not apply to him; Thomas H. McKoy denies that he was a non-resident, and alleges that he never gave up his residence in Sampson county, and that at no time was he ever absent from the State as much as twelve months continuously.

The following issue was submitted to the jury, to which they responded in the affirmative:

Did plaintiff's cause of action against defendant accrue more than seven years prior to service of summons on T. H. McKoy?

Several witnesses were examined as to the residence of

Thomas H. McKoy, how frequently he visited the State, the duration of his absences from and stays in the State. Upon the close of the evidence the court charged the jury: That if they believed the evidence introduced by the plaintiffs, then Thos. H. McKoy was not continuously absent from this State for more than one year since the cause of action accrued, and therefore the time that he was absent from the State should not be deducted from the date at which the various causes of action accrued, and if that was not done, then the said causes of action were barred by the Statute of Limitations, and they should answer the issue " Yes."

Plain iffs objected to the charge, and excepted. There was a verdict and judgment for the defendants. Plaintiffs appealed.

As the decision of the court is based upon a construction of the statutes, and does not turn upon the statements as made by the witnesses, it is deemed unnecessary to set out the testimony here.

The referee's report shows other debts outstanding against the estate of A. A. McKoy; the facts as to these debts sufficiently appear in the opinion of the Court.

*Messrs. T. M. Lee, R. O. Burton* and *J. D. Kerr*, for plaintiffs (appellants).

*Messrs. H. E. Faison* and *Allen & Dortch*, for defendants.

CLARK, J. : *The Code*, Sec. 162, provides that if, after a cause of action accrues against any person, he shall depart from and reside out of the State *or* remain continuously absent from the State for the space of one year or more, the time of his absence shall not be counted as any part of the time limited for the commencement of the action. When a person becomes a non-resident of the

State it is not necessary that he should remain continuously out of the State one year to stop the running of the statute, nor would occasional visits to the State put the statute in motion. *Armfield* v. *Moore*, 97 N. C., 34. While he is a non-resident, and from the time he becomes such, the statute is *ipso facto* suspended. When a person, though still retaining his residence in the State, is continuously absent from it for one year, the statute is suspended during such continued absence. *Armfield* v. *Moore, supra.* His Honor erred in putting only the latter theory to the jury. There being evidence tending to show that Thomas H. McKoy was a non-resident. of the State, it was error to instruct the jury that if he had not been continuously absent from the State for more than one year the statute had not been suspended. If the party is a nonresident of the State when the cause of action accrues, the "return to the State," specified by Section 162 as necessary to put the statute in motion, is a return with a view to residence, not a casual appearance in the State, passing through it, or even making a visit here. *Armfield* v. *Moore, supra.*

The instruction was also erroneous in charging that, if Thomas H. McKoy had not been continuously absent from the State for one year, the causes of action were barred, for the further reason that, judgment having been obtained against the administratrix on two of the claims within seven years next after her qualification, and there being no exception to the finding of fact by the referee that there was no personal estate to pay said debts, and it being admitted that the executrix had no funds in hand and was insolvent, it was not open to the heirs-at-law to plead the Statute of Limitations against such judgments, there being no allegation of collusion. *Brittain* v. *Dickson,* 104 N. C., 547; *Woodlief* v. *Brayg,* 108 N. C., 571, citing *Speer* v.

*James*, 94 N. C., 417; *Long* v. *Oxford*, 108 N. C., 280. The latter case cites also *Proctor* v. *Proctor*, 105 N. C., 222; *Smith* v. *Brown*, 101 N. C., 347.

There remains for consideration only the inquiry whether the heirs-at-law are protected by the Statute of Limitations as to the other debts, as to which action was brought again·t the administratrix within the statutory period but on which judgment was not obtained till after it had expired. In *Proctor* v. *Proctor*, *supra*, it was pointed out that in *Bevers* v. *Park*, 88 N. C., 456, it had been held that the heir could plead the statute against a debt not reduced to judgment against the administrator, and as to which the latter might plead the statute, in a special proceeding by him for permission to sell real estate for assets, but that in *Speer* v. *James*, *supra*, this had been restricted by holding that the heir could not plead the Statute of Limitations against a judgment obtained against the personal representative, unless fraud or collusion in obtaining such judgment is shown.

The question presented therefore is so much of the ruling in *Syme* v. *Badger*, 96 N. C., 197, as holds that the realty is protected from liability for the debts of the deceased if the statutory period of seven years has expired, even though the creditor had begun proceedings within the seven years against the personal representative to enforce his claim, but by delays in the court had failed to obtain judgment till after that period. This decision has been much questioned, and has been repeatedly shaken, among other cases, in *Woodlief* v. *Bragg*, *supra*, and *Smith* v. *Brown*, 101 N. C., 347, bottom of page 352. It may be noted that its supporting case of *Andres* v. *Powell*, 97 N. C., 155, which protected the heir-at-law by the lapse of seven years from the qualification of the personal representatives even as to causes of action accru-

ing subsequently to the death of the decedent, was overruled in *Miller* v. *Shoaf*, 110 N. C., 319, thereby establishing the dissenting opinion of MERRIMON, J., in *Andres* v. *Powell*, as the correct statement of the law. And we now deem it our duty to overrule the decision in *Syme* v. *Badger*, which, after the long and repeated consideration given it, seems to have been founded upon a mistaken line of reasoning. In *Smith* v. *Brown, supra*, pp. 352, 353, SMITH, C. J., seems himself to question the reasoning in *Syme* v. *Badger*. Since the obtaining a judgment against the personal representative prevents the bar of the statute as to the real representatives, there can be no reason why the latter are not equally prohibited from pleading the statute when the action was begun against the personal representatives within seven years but, by delays in the courts, judgment was not had against them after the lapse of seven years.

At the death of the debtor the creditor had simply a cause of action against the personal representative to establish his debt. He could not sue the heir because the liability of the land held by the heir was secondary—conditioned upon the failure of the personal estate. If the creditor had ignored the personal representative and sued the heir he would have been non-suited, because he had no personal claim against the heir. If he had established his debt against the personal representative, and, there being sufficient personal assets, he had then sued the heir to subject the land, he would have been non-suited. *Latham* v. *Bell*, 69 N. C., 135, which has been repeatedly cited and approved. Womack's Digest, No. 4885. He must in all cases work out his right to subject the land through the personal representative ; because the existence of assets, or if they have been wasted, the solvency of the bond of the administrator, is a sufficient answer to the claim to sell the

land.   If the creditor establish his debt, it then becomes the duty of the personal representative to subject the land. If he fails to do so the law gives the creditor a remedy to enforce the sale.   *The Code*, Sections 1436, 1474.   The creditor is not even a necessary party to the action brought by the personal representative.   *Pelletier* v. *Saunders*, 67 N. C., 261 ; *Smith* v. *Brown*, 101 N. C., 347, 352.

The liability is that of the land and not of the heir as. such, (*Speer* v. *James*, 94 N. C., 417,) and is secondary. The creditor therefore has done what is required of him when he presents his claim and has it acknowledged by the personal representative or establishes it by judgment. He has no cause of action against the heir, and the ruling in *Syme* v. *Badger* would bar the cause of action before the right to sue arose.

The language of the statute is confined to actions by a creditor, whereas the duty to subject the land rests primarily on the personal representative.   If the statute was intended to have the broad effect attributed to it in *Syme* v. *Badger*, the personal representative would have been named.   It would be anomalous to bar the creditor in seven years and the personal representative in ten years. *The Code*, Sec. 158.

The statute was intended to be restricted to cases where the creditor's action lies against the personal representative as such, e. g. the right to enforce specific performance or some lien or trust, not covered by other provisions of "*The Code*." *Smith* v. *Brown, supra*, p. 352. This is the only way to avoid the absurdity of barring a cause of action before it arises.   When the creditor, seeking merely to collect his debt, is not barred as against the personal representative, he cannot be barred as against the land which that representative is to subject.   In the present case, proceedings against the administratrix were instituted within.

the seven years after her qualification and making advertisement, and though the heirs-at-law were not made parties to the proceeding till after the lapse of seven years, the proceedings not being barred as to the personal representative cannot be barred as to the heirs-at-law by *The Code*, Section 153 (2), the ground assigned by the court below. It may be that some of the debts are barred on other grounds. *Redmond* v. *Pippen*, 113 N. C., 90. But that point is not now before us. That, in order to save circumlocution, the heirs-at-law may be made parties to the proceeding against the personal representative, is settled by the case of *Lilly* v. *Wooley*, 94 N. C., 412, which was cited with approval in *Syme* v. *Badger*, *supra*, and which has been approved since in *Brittain* v. *Dickson*, 104 N. C., 547.

Error.